■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH MORRIS, Appellant.— Order unanimously reversed and matter remitted to the Erie County Court for a hearing on the allegations of the petition concerning alleged irregularities in the submission of the case to the jury. Memorandum: We treat this as a proceeding in *coram nobis* although it is labeled as a motion under subdivision 7 of section 465 of the Code of Criminal Procedure. The Trial Judge correctly decided that an application under that section must be made within one year and that this application for a new trial on the ground of newly discovered evidence was not timely. However, the allegations of irregularities during the trial and after the charge may not be overlooked. The defendant is entitled to a hearing as to those allegations. The hearing should be held before a Judge other than the Judge who tried the case inasmuch as the Trial Judge may be called as a witness. (Appeal from order of Erie County Court denying a motion for a new trial on the ground of newly discovered evidence.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HAROLD BLISS, JR., Appellant.— Order unanimously reversed, petition granted, and matter remitted to Onondaga County Court for further proceedings in accordance with the memorandum. Memorandum: The sentence of August 31, 1961 was null and void, and therefore the sentence for violation of the terms of probation which were a part of such sentence was also null and void. Because of the long and indefinite deferment before the sentence of August 31, 1961 was pronounced, the County Court lost jurisdiction to impose any sentence under the first count of the indictment. The defendant should be discharged. (*People ex rel. Harty* v. *Fay,* 10 N Y 2d 374; *People* v. *Cioffi,* 1 N Y 2d 70, 72; *Matter of Hogan* v. *Bohan,* 305 N. Y. 110.) (Appeal from order of Onondaga County Court denying a motion to vacate a judgment of conviction on November 13, 1952, without a hearing.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ MARSHALL F. DUNN et al., Respondents, v. NIAGARA PLASTIC MOLDS, INC., Appellant.— Judgment unanimously affirmed, with costs. (Appeal by defendant, Niagara Plastic Molds, Inc., from a judgment of Chautauqua Trial Term adjudging the foreclosure of a chattel mortgage and directing the sale of certain chattels pursuant thereto, and adjudging that plaintiffs have judgment against defendant and dismissing the action of the defendant against the plaintiffs for a declaratory judgment on the merits.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ WALTER MACK, on behalf of Himself and All Other Creditors of WILLIAM J. EDELL, Similarly Situated, Respondent, v. WILLIAM EDELL, Appellant, et al., Defendants. CLARENCE F. GRABB, as Receiver, Respondent, v. JOHN NICHOLAS, as Receiver, Defendant, and ALBERT E. GILBERT, as Receiver, Respondent. WILLIAM J. EDELL, Appellant, v. SHIRLEY M. EDELL, Respondent. EVELYN M. EDELL, Respondent, v. WILLIAM J. EDELL, Appellant.— Motion for reargument granted and case set down for October 1962 Term. The attorneys for the respondents are directed to show cause upon the reargument of the appeal why the conduct described by them in their letter of September 7, 1962, should not be held to be a violation of the letter and spirit of the order of this court. Present — Williams, P. J., Bastow, Halpern and McClusky, JJ.

■ RAYMOND POWELL, Appellant, v. TOWN OF WEST TURIN et al., Respondents.— Appeal dismissed unless records and briefs are filed and served on or before October 31, 1962.