■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLACON JAMES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered September 9, 1986, convicting him of criminal possession of marihuana in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of those branches of the defendant's omnibus motion which were to suppress physical evidence and oral statements.

Ordered that the judgment is affirmed.

A police officer in New York City received information by telephone regarding the scheduled arrival at La Guardia Airport of a suitcase which was thought to contain narcotics and of an individual suspected of being connected to the suitcase. This information was communicated to the officer by a detective in Houston with whom the police officer had had numer-

ous similar contacts and who had previously proved reliable. The Houston detective explained that he had received the information from an identified United States Customs officer who had witnessed an identified and certified narcotics-detection dog "react" to the described suitcase. The defendant contends that the Houston detective and/or the Customs officer should have testified at his suppression hearing, since without their testimony, the People could not substantiate their claim that probable cause existed to arrest him *(see, People v Lypka,* 36 NY2d 210; *People v Havelka,* 45 NY2d 636).* However, in *People v Petralia* (62 NY2d 47, 51, *cert denied* 469 US 852), the court pointed out that "the key factor in th[e]se cases *[People v Lypka, supra,* and *People v Havelka, supra]* is that the record did not indicate how the sending officer had acquired his information." Such is not the case here. The Houston detective in this case clearly identified how the information had been acquired (canine sniff), and who had acquired it (a named Customs officer and his trained dog)— giving the name of the Customs officer, as well as the name and certification number of the dog. The *Petralia* rule was therefore satisfied, and there was no need for the People to produce the Texas officials at the suppression hearing to establish probable cause. The information collectively conveyed by the Houston officials was corroborated by the New York City police officer when · he witnessed the described suspect pick up the described suitcase at the specified time and place. The police officer therefore had reasonable suspicion to stop the defendant to investigate *(see, Terry v Ohio,* 392 US 1).

The defendant voluntarily accompanied the New York City police officer and his partner, who displayed no force, into a nearby room *(see, United States v Mendenhall,* 446 US 544, *reh denied* 448 US 908). There, after receiving his *Miranda* warnings, the defendant blurted out that the bag contained marihuana. The police officers then had probable cause to arrest him.

Finally, the arresting officer's testimony that he had explained the "waiver of rights to search" form, item by item, to the defendant, coupled with the defendant's initialing and signing of that form, leaves no reason to suspect that the defendant's consent to search his suitcase was not voluntary. Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.