■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BRAZEAU, Appellant.—Judgment unanimously affirmed. Memorandum: In 1978 a jury convicted defendant of burglary in the second degree (Penal Law § 140.25 [2]) and

petit larceny (Penal Law § 155.25). Prior to sentencing, however, defendant absconded. Upon his return to New York in August 1987 he was sentenced on this conviction. Defendant's claim that the court lost jurisdiction to sentence him because the sentencing was unreasonably delayed (see, CPL 380.30 [1]) is without merit. When delay is caused by the conduct of the defendant which frustrates the entry of judgment, it is excusable (People v Drake, 61 NY2d 359, 366; People v Headley, 134 AD2d 519, 521, appeal dismissed 72 NY2d 931).

From our review of the record, we find sufficient evidence to corroborate the testimony of the codefendant accomplice. In fact there is ample evidence, independent of the testimony of the accomplice and any statements made by defendant, to connect defendant to the crimes charged. We find nothing in the record to support defendant's claim that his statements to the police were obtained in violation of his right to counsel under the rule enunciated in People v Samuels (49 NY2d 218). Thus, the motion to suppress was properly denied. (Appeal from judgment of Niagara County Court, Hannigan, J.—burglary, second degree.) Present—Dillon, P. J., Callahan, Boomer, Balio and Lawton, JJ.