■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BATTLES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered January 15, 1987, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

On March 11, 1976, the defendant pleaded guilty to the crime of attempted burglary in the second degree. When the defendant failed to appear on April 21, 1976, the date set for sentencing, a bench warrant was issued. It is undisputed that the defendant had fled from the State, and that during the intervening years, he had been incarcerated in South Carolina and New Jersey on convictions in those States. Eventually the defendant returned to New York and was arrested on three separate occasions between July 21, 1984 and September 27, 1984. At the time of each arrest the defendant provided the police with false identification. He appeared in court, using an

alias, on two days in October and November 1984; however, he again failed to appear on the adjourned dates, and bench warrants were issued for all three cases. The defendant, again using one of his aliases, appeared in court on March 7, 1985, and entered guilty pleas in connection with 1 of the 3 arrests; however, he once again failed to appear on the sentencing date, having again fled from the State. In May of 1986 the Richmond County District Attorney's office was notified by Ohio authorities that the defendant had been arrested in Cincinnati. On December 17, 1986, the defendant was finally returned to New York under the Interstate Agreement on Detainers.

CPL 380.30 (1) mandates that the sentence of a criminal defendant "must be pronounced without unreasonable delay", otherwise a sentencing court may be divested of its jurisdiction over the defendant (see, People ex rel. Harty v Fay, 10 NY2d 374). However, where the delay between a guilty plea and the pronouncement of sentence "is caused by legal proceedings or other conduct of the defendant which frustrates the entry of judgment, it is excusable" (People v Drake, 61 NY2d 359, 366). The People are under no obligation "to make efforts to apprehend an absconding defendant so as to avoid a loss of jurisdiction" (People v Headley, 134 AD2d 519, 520, lv granted 72 NY2d 861, appeal dismissed 72 NY2d 931), even where the delay is lengthy (see, People v Headley, supra; People v Brazeau, 144 AD2d 977; People ex rel. Dinitz v Hunter, 130 AD2d 533).

In this case, the 11-year delay in sentencing was clearly due solely to the defendant's flight from this State so as to avoid sentencing. Contrary to the defendant's contentions, there is nothing in the record to suggest that his incarcerations in South Carolina and New Jersey were ever brought to the attention of the authorities in Richmond County (cf., People ex rel. Harty v Fay, supra). Moreover, his three arrests in New York in 1984 were insufficient to attribute the entire delay to the People insofar as the defendant continuously provided false identification (see, People v Valdes, 121 Misc 2d 201; cf., People v Harper, 137 Misc 2d 357). In any event, the defendant absconded from the State prior to his sentencing on those charges, thus frustrating any possible attempt to dispose of the 1976 matter. Bracken, J. P., Kunzeman, Balletta and Rosenblatt, JJ., concur.