*335 OPINION OF THE COURT
Ira H. Wexner, J.
Motion of the defendant, by counsel, to set aside the verdict of this court entered July 9, 1990 pursuant to CPL 330.30 (1) and to reinstate the plea and commitment of a County Court Judge dated November 3, 1989 is determined as hereinafter provided.
I. BACKGROUND
In this case which appears to be first impression, the relevant facts are essentially undisputed.
The defendant, Maurice Brown, was charged with criminal sale and possession of a controlled substance in the third degree, class B felonies under Penal Law § 220.39 (1) and § 220.16 (1). The charges concern an incident which occurred on or about June 8, 1989.
At a preliminary conference held before another Judge of this court on July 24, 1989 the Assistant District Attorney offered the defendant a reduced class C felony in satisfaction of the B felonies. The Judge there committed to a sentence of l-to-3 years’ incarceration if the defendant was not a second felony offender.
On November 3, 1989, the prosecutor, defense counsel and the Judge of that court reviewed the defendant’s criminal history by way of his NYSIIS sheet. All parties concluded the defendant was not a second felony offender and a plea was taken by the defendant to a class C felony and a court commitment of l-to-3 years’ incarceration.
On December 1, 1989, the parties and the sentencing Judge reviewed the presentence report prepared by the Probation Department, where it was noted that the defendant was a second felony offender, relying on the presentence report, the sentencing Judge and the parties conferenced the matter and all agreed the defendant was a second felony offender without contest, and the Judge then committed to the 3-to-6 years’ incarceration as a second felony offender, the minimum on a C felony. On December 7, 1989 the defendant refused to be sentenced under the new 3-to-6 years’ commitment and was permitted to withdraw his guilty plea. The case was then assigned to this court for trial on the original class B felony charges.
On July 9, 1990 the defendant was convicted of both class B *336 felonies at a jury trial before this court and sentencing was to be set for August 13, 1990. After further protests by the defendant that he was not a second felony offender, the Assistant District Attorney obtained certificates from the State and County Correction Departments, which set forth the prior periods of incarceration of the defendant. A review of these certified records indicated that over a 10-year period had passed between the defendant’s prior incarceration and his commission of his present charge. Thus, it was determined that the December 1, 1989 presentence report was incorrect and the defendant was not a prior felony offender. (Penal Law §70.06 [1] [b] [iv], [v].)
As a result of this error as to the prior felony status of the . defendant, the defense counsel now moves to vacate the verdict under CPL 330.30 (1), and reinstate the original plea bargaining agreement of the court from November 3, 1989. The defendant moves to vacate on two particular grounds: (1) the original sentencing Judge was in error and this court must now correct the mistake by vacating the verdict and imposing the original l-to-3-year sentence as a C felony; and (2) the ineffective assistance of counsel at time of plea warrants vacating the verdict as well. In the following discussion this court will address both issues.
II. CONCLUSIONS OF LAW
First, it should be noted that this court takes serious issue with the defendant’s use of CPL 330.30 (1) as the vehicle by which to set aside the jury verdict. The grounds to set aside, as stated in the defense counsel’s affirmation and exhibits, are not part of the trial record and occurred at a plea bargaining conference nine months before the trial. Although the defense counsel is correct in asserting that a record was sufficiently made at the time of the withdrawal of the guilty plea, this issue was not part of the trial record, and was of no consequence to the conduct of counsel at trial. Indeed, there is no dispute that the defendant was adequately and competently represented by counsel during the entire pretrial suppression hearing and trial of this matter.
Therefore, as this notice relates to conduct which is not part of the trial record, it is clear a notice under CPL 330.30 (1) is misplaced and instead should have been made postjudgment under CPL 440.10 (1) (h). (People v Knox, 134 AD2d 704 [3d Dept 1987], lv denied 70 NY2d 1007 [1988]; People v Ferreras, *337 100 AD2d 940 [2d Dept 1984]; People v Brown, 45 NY2d 852 [1978].) However, assuming for the moment this motion is properly before the court, it is determined that the defendant’s motion, as a matter of law, is without merit and must be denied.
Defense counsel’s first contention centers upon the argument that since the court was allegedly in error concerning the defendant’s prior felony offender status, the court must correct its "error” and vacate the verdict and impose the original sentence of l-to-3 years as a C felony. This argument is unfounded. First, it is undisputed that the error was not of the court’s creation. The report was prepared by the Nassau County Probation Department, a separate agency of the local municipality. Also, this document was relied upon by the prosecution and defense counsel without question, although they clearly had the opportunity to investigate the matter themselves. It was only after several conferences of this matter, and on the date set for sentencing on the plea entered by the defendant that it was agreed by all parties and the court that the defendant was a second felony offender. At that point, the sentencing Judge permitted the defendant to withdraw his plea and proceed to trial.
The defendant now appears before this court with a different Judge, almost two years after the withdrawal of the guilty plea and following a conviction at trial, and seeks to have his original plea accepted based upon this alleged mistake at time of the plea withdrawal. The defendant fails to note that by withdrawing his plea and proceeding to trial, he had the opportunity of gaining an acquittal as well as his eventual conviction. In addition, as the defendant now stands before a different Judge of this court system, this court is under no obligation under these circumstances to accept the sentencing commitment of another Judge.
Indeed, it is undisputed that the original, albeit incorrect, determination of the defendant’s prior felony status was based upon good faith of all parties and the court and as such, a mistake would not warrant the vacating of the guilty plea. (Matter of Kisloff v Covington, 73 NY2d 445 [1989].) The courts of this State are careful to clarify that any "promise” arising out of plea negotiations are not to be equated with any theory of contract law. (People v Selikoff, 35 NY2d 227 [1974], cert denied 419 US 1122 [1975].) Hence, a defendant will not at all times be able to seek specific performance on any plea bargaining promise. (People v Selikoff, supra, at 238.) There *338 fore, this court will not vacate the jury verdict based upon the defendant’s earlier plea withdrawal.
The defendant’s final argument favoring vacating the verdict rests on the assumption that the defendant had ineffective assistance of counsel at the time of the withdrawal of his guilty plea. It is the contention of counsel that by failing to investigate the presentence report’s mistaken determination of a second felony status, the defendant was forced to withdraw his plea unnecessarily, thus creating ineffective assistance of counsel.
The right to effective assistance of counsel is guaranteed by the Federal and State Constitutions (US Const 6th Amend; NY Const, art I, § 6). However, what constitutes effective assistance is not and cannot be fixed with precision. (People v Droz, 39 NY2d 457 [1976].) So long as the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will be met. (People v Baldi, 54 NY2d 137, 146-147 [1981].) Certainly, the defendant is not entitled to counsel which is guaranteed to be error free. (People v Rivera, 71 NY2d 705 [1988]; People v Strempack, 71 NY2d 1015 [1988]; Strickland v Washington, 466 US 668 [1984].)
In the case at bar it is clear the attorney for the defendant provided him with meaningful representation from conferences, pretrial hearing and through jury verdict. One alleged oversight does not raise this matter to the level of ineffective assistance of counsel. (People v Harris, 109 AD2d 351 [2d Dept 1985].)
Accordingly, the motion of the defendant is denied in its entirety.