■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIRO ARANGO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered February 14, 1990, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant was arrested during a so-called buy and bust narcotics operation and moved to suppress evidence that prerecorded buy money was found in his possession. The arresting officer testified at the suppression hearing that he observed the undercover officer and the defendant meet in a park. After receiving a radio transmission from a third member of the narcotics team that the undercover officer had given the prearranged "buy sign", he seized and searched the defendant.

The defendant contends that the People failed to establish probable cause for the search since only the arresting officer testified at the hearing. This contention is without merit. The arresting officer relied on a radio transmission from another member of the narcotics team. Since the reliability of this information was established, the People were not required to produce the sender of the transmission or the undercover officer as witnesses *(see, People v Petralia,* 62 NY2d 47, *cert denied* 469 US 852; *People v Amoateng,* 141 AD2d 398; *People v James,* 135 AD2d 832). The content of the transmission, together with the arresting officer's personal observations, were sufficient to support a finding of probable cause *(see, People v Grier,* 118 AD2d 727). Thompson, J. P., Lawrence, Balletta and O'Brien, JJ., concur.