■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE BROWN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered April 29, 1991, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and sentencing him to concurrent indeterminate terms of 4 to 12 years imprisonment on each count. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the term of imprisonment on each count to concurrent indeterminate terms of 1 to 3 years imprisonment; as so modified, the judgment is affirmed.

We find no merit to the defendant's contention that the "buy money" found in his possession should have been suppressed on the ground that he was arrested without probable cause. When an arresting officer has acted on the basis of a radio bulletin from a fellow officer who has personal knowledge of the facts transmitted, the reliability of the information conveyed may be presumed, and the People are not required to call the undercover officer to testify at the suppression hearing in order to discharge their burden of coming forward with evidence to establish probable cause *(see, People v Petra-*

*lia,* 62 NY2d 47, 51, *cert denied* 469 US 852; *People v Acevedo,* 179 AD2d 465; *People v Arango,* 175 AD2d 840). Based on the facts adduced at the suppression hearing, we find that the People established probable cause for the arrest of the defendant. Therefore, the recovery and admissibility of the "buy money" was based on a search incident to a lawful arrest.

Equally without merit is the defendant's claim that the indictment should be dismissed as a result of the delay of over nine months after the jury verdict in imposing sentence. It is well settled that a defendant is entitled to be promptly sentenced after conviction; entry of judgment may not be indefinitely deferred or postponed *(see,* CPL 380.30 [1]; *People v Drake,* 61 NY2d 359, 364). Where the delay is both protracted and unexplained, the courts will generally find it unreasonable *(see, People v Drake, supra,* at 365; *People ex rel. Harty v Fay,* 10 NY2d 374). If, however, the delay is found to have been caused by the defendant, it should not be attributed to the State and therefore, will be found excusable *(see, e.g., Matter of Weinstein v Haft,* 60 NY2d 625; *People v Brazeau,* 144 AD2d 977, 978). The majority of the delay was caused by the defendant's requests for adjournments and hearings regarding his motions. Therefore, we find that the delay in sentencing was not unreasonable.

However, under the circumstances of this case, we modify the sentence imposed, as a matter of discretion in the interest of justice, by reducing the term of imprisonment to concurrent indeterminate sentences of 1 to 3 years imprisonment.

We have examined the defendant's remaining contentions and find that they do not warrant reversal of the judgment. Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur. *[See,* 150 Misc 2d 334.]