■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL ILLESCAS, Appellant. [602 NYS2d 677] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered November 15, 1991, convicting him of criminal sale of a controlled substance in the third degree (three counts), and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's contention that, at the suppression hearing, the People failed to establish probable cause for his arrest because they did not proffer the testimony of the officer who observed the defendant engage in several narcotics transactions, is without merit. "When an arresting officer has acted on the basis of a radio bulletin from a fellow officer who has personal knowledge of the facts transmitted, the reliability of the information conveyed may be presumed, and the People are not required to call the undercover officer to testify at the suppression hearing in order to discharge their burden of coming forward with evidence to establish probable cause *(see, People v Petralia,* 62 NY2d 47, 51, *cert denied* 469 US 852; *People v Acevedo,* 179 AD2d 465; *People v Arango,* 175 AD2d 840)" *(People v Brown,* 184 AD2d 647, 647-648). Moreover, the observations of the officer, as testified to by the arresting

officer, were sufficient to establish probable cause for the defendant's arrest *(see, People v Jones,* 186 AD2d 681).

We have considered the defendant's remaining contention and find that it is unpreserved for appellate review and, in any event, without merit. Thompson, J. P., Lawrence, Santucci and Joy, JJ., concur.