[653 NYS2d 604]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD MARSHALL, Appellant.

Second Department, January 21, 1997

APPEARANCES OF COUNSEL

*Daniel L. Greenberg*, New York City (*Degna P. Levister* of counsel), for appellant.

*Charles J. Hynes, District Attorney* of Kings County, Brooklyn (*Roseann B. MacKechnie* and *Barbara Thomashower* of counsel; *Linda S. Carney* on the brief), for respondent.

## OPINION OF THE COURT

ROSENBLATT, J. P.

The defendant pleaded guilty to attempted sale of a controlled substance in the third degree, a class C felony. It was a negotiated plea, by which all of the terms of the agreement were placed on the record. The court told the defendant that it would sentence him to a determinate term of one day in prison to run concurrently with five years' probation, but that, if the defendant was unfaithful in his obligation to appear for sentencing (or was arrested, convicted, or uncooperative with the Department of Probation), the court would be free to impose a more severe sentence. The defendant did not appear for sentencing on the scheduled date, and the court then and there issued a bench warrant for his arrest. Approximately four years later, the defendant was produced for sentencing and the court imposed an indeterminate term of three to nine years' imprisonment.

The appeal before us is premised on the defendant's claim that the delay of approximately four years between plea and sentence resulted in the sentencing court's loss of jurisdiction. He expands on the claim by asserting that because he was arrested several times during the delay period, the prosecuting authorities had knowledge of his whereabouts, and that the delay was, therefore, so unreasonable as to oust the court of jurisdiction.

As their threshold argument, the People assert that the defendant did not raise these jurisdictional contentions at the time of sentencing and that the issue is, therefore, unpreserved for appellate review.

The case points up the purpose of the preservation doctrine and why it is appropriate for us to apply it here.

CPL 380.30 (1) requires that "[s]entence must be pronounced without unreasonable delay". Promptness in sentencing has long been an important goal in the criminal justice system, in terms of fairness to both the public and the defendant (*see generally, People ex rel. Harty v Fay*, 10 NY2d 374). A lengthy,

unjustified delay in sentencing has been held to result in a loss of the court's jurisdiction (*see, People v Drake*, 61 NY2d 359; *People v Hatzman*, 218 AD2d 185; *People v Bliss*, 17 AD2d 767; *People v Monaghan*, 34 AD2d 815; *People v Newcombe*, 18 AD2d 1087; *see generally*, Annotation, *Loss of Jurisdiction By Delay in Imposing Sentence*, 98 ALR3d 605).

The courts, however, in weighing justification, have always been careful to distinguish between sentencing delays caused by the defendant, and those caused by the State. A defendant who is primarily responsible for a sentencing delay will not be allowed to benefit from it (*e.g., Matter of Weinstein v Haft*, 60 NY2d 625; *People v Brown*, 184 AD2d 647; *People v Gee*, 149 AD2d 728). This will be particularly true when, as here, the delay was caused by the defendant having absconded (*e.g., People v Reyes*, 214 AD2d 233; *People v Brazeau*, 144 AD2d 977; *People v Battles*, 150 AD2d 785; *People v Headley*, 134 AD2d 519; *Matter of Root v Kapelman*, 67 AD2d 131). This distinction has been recognized not only by the courts, but by commentators as well (*see generally*, Green, *"Hare and Hounds": The Fugitive Defendant's Constitutional Right to be Pursued*, 56 Brook L Rev 439 [1990-1991]; Campbell, Law of Sentencing § 9:9, at 267 [2d ed]; Annotation, *When Does Delay in Imposing Sentence Violate Speedy Trial Provision*, 86 ALR 4th 340), and, in a related context, by the Legislature (*see*, CPL 30.30, as amended by L 1996, ch 631; *see*, Preiser, 1996 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 30.30, Pocket Part, at 22).

Because of that distinction, and the differing consequences based on who is to blame for the delay, it is important that any claim of unreasonable sentence delay be presented to the trial court. In that way each side is free to present and argue the facts, so that the court may allocate the reasons for the delay, and the extent of responsibility to be borne by either party.

That concern lies at the heart of the preservation doctrine. At the time of sentence the defendant did not seek to impose on the prosecution any responsibility, based on his interim arrests, for not producing him sooner for sentencing on this charge. The prosecution, for its part, argues that this claim cannot be addressed on the record before this Court because, although the presentence report reveals the presence of the defendant's interim arrests, it does not detail whether the defendant had used aliases that would have further frustrated his production for sentencing.

In arguing that he may raise the delay claim for the first time on appeal, defendant cites *People v Fuller* (57 NY2d 152), *People v Morse* (62 NY2d 205), and *People v Callahan* (80 NY2d

273) in support of his jurisdictional challenge. Those cases, however, and others like them, do not support the defendant's position. They involve the court's statutory powers and the lawfulness of the sentence imposed (*see also, People v David*, 65 NY2d 809; *People v Sellers*, 222 AD2d 941). They stand in contrast to cases in which the court acted within statutory limits (*e.g., People v Ruz*, 70 NY2d 942; *People v Lemon*, 62 NY2d 745), as it did here.

Considering that the trial court is in a position to take proof and make factual calculations regarding sentencing delay, the issue is similar to speedy trial claims, which must be preserved at the trial level if they are to be recognized on appeal, be they based on constitutional grounds (*People v Mazyck*, 194 AD2d 808; *People v Ferguson*, 192 AD2d 800) or on statutory grounds (*People v Bacchi*, 186 AD2d 663; *People v Babbs*, 232 AD2d —, 1196 NY Slip Op 09118 [2d Dept, Oct. 15, 1996]).

Inasmuch as the point is unpreserved for appellate review, we decline to remand the case for a hearing (*cf., People v Turner*, 203 AD2d 22) and we further decline to reach the contention in the exercise of our interest of justice jurisdiction.

Accordingly, the judgment is affirmed.

O'BRIEN, THOMPSON and McGINITY, JJ., concur.

Ordered that the judgment is affirmed.