THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS BUTTI, Appellant. [672 NYS2d 794] —Appeal by the defendant from a judgment of the County Court, Westchester County (Angiolillo, J.), rendered September 5, 1997, convicting him of grand larceny in the second degree, insurance fraud in the second degree, attempted grand larceny in the third degree, and offering a false instrument for filing in the first degree,. upon his plea of guilty, and imposing sentence, including a direction to pay restitution in the amount of $285,920.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the amount of restitution from $285,920 to $184,492; as so modified, the judgment is affirmed.

The defendant contends that the delay in imposing sentence was so unreasonable as to deprive the court of jurisdiction. This contention is raised for the first time on appeal and is therefore unpreserved for appellate review. As this Court explained in *People v Marshall* (228 AD2d 15), it is important in considering such a claim to distinguish between sentencing delays caused by the defendant and those caused by the State: "Because of that distinction, and the differing consequences based on who is to blame for the delay, it is important that any claim of unreasonable sentence delay be presented to the trial court. In that way each side is free to present and argue the facts, so that the court may allocate the reasons for the delay, and the extent of responsibility to be borne by either party" (*People v Marshall, supra,* at 17). Since the defendant failed to raise this issue before the sentencing court, the record is devoid of the facts necessary to review his claim, and we decline to re-

mit the case to the County Court for a hearing (*see, People v Marshall, supra*).

Upon the exercise of our interest of justice jurisdiction, we have reduced the amount of restitution that the defendant is required to pay to $184,492. The plea allocution reveals that the defendant agreed to waive a hearing on the issue of restitution based on the understanding that restitution would not exceed that amount. The defendant's contention that the sentence is otherwise excessive is without merit (*see, People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are unpreserved for appellate review, without merit, or based on matters outside the record. O'Brien, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.