■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL QUINONES, Appellant. [831 NYS2d 31]—

Judgment, Supreme Court, New York County (Stephen G. Crane, J., at jury trial; Bruce Allen, J., at sentence and resentence), rendered February 14, 2002, as amended April 29, 2005, convicting defendant of criminal possession of a controlled substance in the first degree, and sentencing him to a term of 12 years, and order, same court (Bruce Allen, J.), entered on or about November 16, 2005, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

Defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]), and the court properly denied his CPL 440.10 motion (*see People v Satterfield*, 66 NY2d 796, 799-800 [1985]). The record supports the motion court's detailed findings and conclusions. Trial counsel made reasonably diligent but unsuccessful efforts to obtain access to the crime scene. Even if we were to find that counsel should have made further efforts, we would find that his failure to do so did not deprive defendant of a fair trial or cause him any prejudice (*see People v Caban*, 5 NY3d 143, 155-156 [2005]; *People v Hobot*, 84 NY2d 1021, 1024 [1995]; *compare People v Turner*, 5 NY3d 476 [2005]). At trial, counsel introduced a photograph of the apartment in question and used it to impeach a police witness as to his ability to make certain critical observations. Defendant's submissions on the motion did not establish that an inspection of the apartment's layout by trial counsel would have disclosed information of such significantly greater impeachment value than the photo so as to create a reasonable possibility of a different verdict.

Although the minutes of jury selection have been lost and it is undisputed that a reconstruction hearing would be impracticable, defendant is not entitled to summary reversal because these circumstances are attributable in large part to the lengthy delay caused by defendant himself, who failed to appear for sentencing and was returned on a bench warrant years later (*see People v Parris*, 4 NY3d 41, 48-49 [2004]; *People v Delarosa*, 282 AD2d 296 [2001], *lv denied* 99 NY2d 557 [2002]; *People v Decker*, 134 AD2d 726, 728 [1987]). Concur—Tom, J.P., Friedman, Nardelli, Catterson and Malone, JJ.