■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDY CARTER, Appellant. [937 NYS2d 333]—

CPL 380.30 (1) mandates that the sentence of a criminal defendant "must be pronounced without unreasonable delay." However, "[i]f the delay is caused by legal proceedings or other conduct of the defendant which frustrates the entry of judgment, it is excusable" (*People v Drake*, 61 NY2d 359, 366 [1984]). This is true even where the delay is lengthy (*see People v Davis*, 29 AD3d 814, 816 [2006]; *People v Battles*, 150 AD2d 785, 786 [1989]; *People v Headley*, 134 AD2d 519, 519 [1987]).

In this case, the lengthy delay in sentencing was due solely to the fact that the defendant absconded in the middle of the trial and remained at large for 29 years before he was arrested and returned to the New York authorities. Although the defendant denies hiding, "the People do not have a duty to make efforts to apprehend an absconding defendant" (*People v Davis*, 29 AD3d at 816; *see People v Headley*, 134 AD2d at 519). Moreover, contrary to the defendant's contention, there is nothing in the record to suggest that the New York authorities were ever "actually aware" of his whereabouts (*see People v James*, 78 AD3d 862, 863 [2010]; *People v Reyes*, 214 AD2d 233, 236 [1995]; *People v Battles*, 150 AD2d at 785-786; *cf. People v McNeil*, 237 AD2d 622, 623 [1997]). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was to dismiss the indictment pursuant to CPL 380.30 (1).

Further, while the minutes of the trial have been lost and the sentencing judge determined that reconstruction would be "impossible," the defendant is not entitled to summary reversal

because these circumstances are attributable in large part to the lengthy delay caused by the defendant himself (*see People v Parris*, 4 NY3d 41, 48-49 [2004]; *People v Quinones*, 36 AD3d 459, 460 [2007]; *People v Delarosa*, 282 AD2d 296 [2001]).

The defendant's contention that reversal is required because the trial was concluded in his absence is without merit. Although a defendant has a fundamental right to be present at all material stages of his trial, he or she may forfeit that right, inter alia, by deliberately absenting himself or herself after the trial has begun (*see People v Sanchez*, 65 NY2d 436, 443-444 [1985]; *People v Traylor*, 74 AD3d 1251, 1252 [2010]; *People v Jenkins*, 45 AD3d 864, 865 [2007]). Here, while the trial transcript has been lost and reconstruction is impossible due to the delay caused by the defendant, he admits that he was present for several days of the trial and that he deliberately "stopped going." Florio, J.P., Chambers, Hall and Miller, JJ., concur.