■ VINCENTA QUEZADA, Respondent, v 2700 GC LLC et al., Appellants. [1 NYS3d 874]—An appeal having been taken to this Court by the above-named appellant from an order of the Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about April 15, 2014, and said appeal having been withdrawn before argument by counsel for the respective parties; and upon the stipulation of the parties hereto dated January 15, 2015, it is unanimously ordered that said appeal be and the same is hereby withdrawn in accordance with the terms of the aforesaid stipulation. Concur—Acosta, J.P., Renwick, Feinman, Clark and Kapnick, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINICK FLORIO, Appellant. [999 NYS2d 741]—Judgment of resentence, Supreme Court, New York County (Charles H. Solomon, J.), rendered March 2, 2012, resentencing defendant to a term of 15 years, with 2½ years' postrelease supervision, unanimously affirmed.

There was no unreasonable delay in resentencing defendant for the purpose of adding a term of postrelease supervision (*see People v Williams*, 14 NY3d 198, 213 [2010]). "[E]ven assuming that CPL 380.30 applies, there was no violation of the statute because defendant[ ] [was] resentenced within a reasonable time after DOCS notified the courts that [he was a] 'designated person[ ]' under Correction Law § 601-d" (*id.*). There is nothing in *Williams*, nor in any other authority, to suggest that the delay should be measured from the date that the Court of Appeals decided *People v Sparber* (10 NY3d 457 [2008]), which rendered resentencing necessary. Concur—Acosta, J.P., Renwick, Feinman, Clark and Kapnick, JJ.