■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RILEY, Also Known as AJAMU OLUTOSIN, Appellant. [12 NYS3d 553]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated October 11, 2005 (*People v Riley*, 22 AD3d 609 [2005]), affirming a resentence of the Supreme Court, Queens County, imposed April 15, 2004.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Rivera, J.P., Skelos, Roman and Cohen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVIE P. ROBINSON, Appellant. [12 NYS3d 569]—Appeal by the defendant from a resentence of the County Court, Dutchess County (Forman, J.), imposed January 14, 2014, upon his convictions of sodomy in the first degree, sexual abuse in the first degree (two counts), and endangering the welfare of a child, upon a jury verdict.

Ordered that the resentence is affirmed.

Contrary to the defendant's contention, the County Court did not improvidently exercise its discretion in concluding that the defendant failed to show good cause for the substitution of counsel in connection with his resentencing (*see People v Porto*, 16 NY3d 93 [2010]; *People v Linares*, 2 NY3d 507 [2004]; *People v Sawyer*, 57 NY2d 12 [1982]; *People v Medina*, 44 NY2d 199 [1978]). Furthermore, the transcript of the resentencing proceeding establishes that counsel continued to provide meaningful assistance to the defendant, and that a relationship of mutual confidence between counsel and the defendant remained (*see People v Linares*, 2 NY3d at 510; *People v Medina*, 44 NY2d at 208). Dillon, J.P., Dickerson, Chambers and Barros, JJ., concur.