■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANFIS PEREZ, Appellant. [18 NYS3d 531]—

Order, Supreme Court, New York County (Gregory Carro, J.), entered on or about June 26, 2013, which denied defendant's CPL 440.10 motion to vacate a March 22, 2001 judgment of conviction, unanimously affirmed. Judgment of resentence (same court and Justice), rendered July 25, 2012, resentencing defendant to an aggregate term of 25 years to life, and imposing an aggregate term of 2½ years' postrelease supervision for certain convictions, unanimously affirmed.

The motion court correctly determined that the results of new DNA testing performed on three beer bottles recovered at the scene of the crime would not have raised a reasonable probability of a more favorable verdict (*see* CPL 440.10 [1] [g-1]; *People v Hicks*, 114 AD3d 599 [1st Dept 2014]). The record supports the motion court's conclusion that the new DNA results neither excluded defendant as a perpetrator nor established the presence of unknown persons at the time and place of the crime. Thus, even without reference to the trial evidence, a new trial was not warranted. Moreover, the People presented powerful evidence at the trial, including a detailed eyewitness identification by the victim, circumstantial evidence linking defendant to the murder weapon, and compelling evidence of defendant's consciousness of guilt.

Defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). He was not deprived of effective assistance by his attorney's decision not to use the limited DNA results available at the time of the trial. Counsel expressly stated at trial that this was a strategic choice, and defendant has not shown that counsel's strategy fell below an objective standard of reasonableness, or that it deprived defendant of a fair trial or affected the outcome of the case.

There was no unreasonable delay in resentencing defendant to add a term of postrelease supervision (*see People v Williams*, 14 NY3d 198, 213 [2010]; *People v Florio*, 125 AD3d 451 [1st Dept 2015], *lv denied* 25 NY3d 1071 [2015]). Concur—Tom, J.P., Friedman, Andrias, Gische and Kapnick, JJ.