■ The People of the State of New York, Respondent, v Michael Cook, Appellant. [21 NYS3d 140]—

Appeal by the defendant from a judgment of the Supreme

Court, Kings County (Firetog, J.), rendered October 25, 2013, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

CPL 380.30 mandates that the sentence of a criminal defendant "must be pronounced without unreasonable delay." A lengthy and unexplained delay in imposing sentence will result in a loss of jurisdiction over the defendant, requiring dismissal of the indictment (*see People v Drake*, 61 NY2d 359, 364 [1984]; *People v Marshall*, 228 AD2d 15, 16 [1997]). However, where the delay in imposing sentence "is caused by legal proceedings or other conduct of the defendant which frustrates the entry of judgment, it is excusable," and dismissal of the indictment is not required (*People v Drake*, 61 NY2d at 366; *see People v Carter*, 91 AD3d 967 [2012]). Where a delay in sentencing is due to an absconding defendant, the People are under no obligation to make efforts to apprehend the defendant to avoid a loss in jurisdiction (*see People v Carter*, 91 AD3d at 967; *People v Reyes*, 214 AD2d 233, 235 [1995]; *People v Battles*, 150 AD2d 785, 786 [1989]; *People v Headley*, 134 AD2d 519 [1987]).

Here, the four-year delay in sentencing the defendant was caused by his conduct in absconding after the entry of his plea of guilty in 2009. Although the defendant was rearrested and incarcerated for several days in April 2010, he used an alias at the time of that arrest, and provided law enforcement authorities with false pedigree information. Moreover, contrary to the defendant's contention, the record does not support a finding that the People were ever "actually aware" of his whereabouts while he was briefly incarcerated under an alias in April 2010 (*see People v Saunders*, 93 AD3d 487 [2012]; *People v Carter*, 91 AD3d at 967; *People v James*, 78 AD3d 862, 863 [2010]; *People v Battles*, 150 AD2d at 785-786; *see also People v Campbell*, 306 AD2d 495 [2003]; *People v Brown*, 252 AD2d 592 [1998]). Under these circumstances, the Supreme Court properly denied the defendant's motion pursuant to CPL 380.30 (1) to dismiss the indictment against him due to the delay in imposing sentence. Eng, P.J., Balkin, Cohen and Duffy, JJ., concur.