People v Polite (2018 NY Slip Op 06118)





People v Polite


2018 NY Slip Op 06118


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2011-10426
 (Ind. No. 2771/99)

[*1]The People of the State of New York, respondent,
v
Mark Polite, also known as Mark Bogle, appellant.


The Legal Aid Society, New York, NY (Heidi Bota of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Victor Barall of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Kings County (Thomas J. Carroll, J.), imposed November 2, 2011, upon the granting of his motion pursuant to CPL 440.20 to set aside a sentence of the same court imposed October 18, 1999, upon his conviction of attempted murder in the second degree, upon a jury verdict.
ORDERED that the resentence is affirmed.
In 1999, the defendant was convicted, after a jury trial, of attempted murder in the second degree for shooting Tyrone Bowman three times. The defendant was sentenced as a persistent felony offender, based upon three prior felony convictions, to an indeterminate term of imprisonment of 20 years to life. This Court previously affirmed the judgment on direct appeal (see People v Polite, 291 AD2d 511).
In December 2010, the defendant successfully moved pursuant to CPL 440.20 to set aside the sentence as illegal on the ground that, in adjudicating the defendant a persistent felony offender, the Supreme Court had failed to comply with the statutorily mandated procedures by, among other things, failing to provide the defendant with a full and fair opportunity to controvert the constitutionality of the predicate felony convictions at a persistent felony hearing (see CPL 400.20). Subsequently, a persistent felony offender hearing was held, after which the court found the defendant to be a persistent felony offender and, as such, resentenced him to an indeterminate term of imprisonment of 20 years to life.
Penal Law § 70.10(1)(a) defines a persistent felony offender as "a person, other than a persistent violent felony offender . . . , who stands convicted of a felony after having previously been convicted of two or more felonies." The procedure for determining whether a defendant may be subjected to increased punishment as a persistent felony offender mandates a "two-pronged analysis" (People v Smith, 232 AD2d 586, 586 [internal quotation marks omitted]; see CPL 400.20[1]; People v Gaines, 136 AD2d 731, 733; People v Oliver, 96 AD2d 1104, affd 63 NY2d 973). "Initially, the court must determine whether the defendant is a persistent felony offender as [*2]defined in subdivision 1 of section 70.10 of the Penal Law, namely, that he previously has been convicted of at least two felonies, and secondly, the court must determine if it is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct are such that extended incarceration and lifetime supervision of the defendant are warranted to best serve the public interest'" (People v Oliver, 96 AD2d at 1105, quoting CPL 400.20[1][b]; see People v Prindle, 29 NY3d 463, 467; People v Smith, 232 AD2d at 586).
The defendant challenges the constitutionality of the persistent felony offender statutory scheme, although he acknowledges that the Court of Appeals has repeatedly found it to be constitutional and repeatedly rejected his argument that it violates Apprendi v New Jersey (530 US 466) and his due process and Sixth Amendment rights (see People v Prindle, 29 NY3d at 465-466; People v Giles, 24 NY3d 1066, 1071-1072; People v Quinones, 12 NY3d 116, 130; People v Rivera, 5 NY3d 61, 69; People v Rosen, 96 NY2d 329, 335). In Prindle, the latest case to consider the issue, the Court " again [upheld] the constitutionality of New York's discretionary persistent felony offender sentencing scheme and further [held] that defendant's constitutional rights were not violated'" (29 NY3d at 465-466, quoting People v Quinones, 12 NY3d at 119).
Although it is within the province of the Court of Appeals to reexamine its earlier precedent and determine whether a compelling justification exists to overrule that precedent (see People v Peque, 22 NY3d 168, 194), that right of reexamination is not within our province. Simply stated, this Court cannot discount or disregard the Court of Appeals' determination in Prindle and numerous other cases, and, if there is to be any shift in that precedent, the change in the law is for the Court of Appeals to pronounce (see Jiannaras v Alfant, 124 AD3d 582, 586, affd 27 NY3d 349; Ellis v Gold, 204 AD2d 261, 266).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in determining "that the history and character of [this] defendant and the nature and circumstances of [this defendant's] criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest" (Penal Law § 70.10[2]). The court's determination in that regard is supported by the record (see People v Harris, 117 AD3d 847, 860, affd 26 NY3d 1; People v Dixon, 107 AD3d 735, 736; People v Maxwell, 22 AD3d 607; People v Perry, 19 AD3d 619).
The Supreme Court did not improvidently exercise its discretion in denying the defendant's application to relieve defense counsel and appoint a new attorney to represent him. "The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option" (People v Sides, 75 NY2d 822, 824; see People v Washington, 25 NY3d 1091, 1095; People v Cheeks, 107 AD3d 1013, 1014). However, courts must "carefully evaluate serious complaints about counsel," and "should substitute counsel when a defendant can demonstrate good cause" (People v Linares, 2 NY3d 507, 510 [internal quotation marks omitted]; see People v Smith, 18 NY3d 588, 592; People v Medina, 44 NY2d 199, 207). "Good cause determinations are necessarily case-specific and therefore fall within the discretion of the trial court" (People v Linares, 2 NY3d at 510). In determining whether good cause exists, a trial court must consider "the timing of the defendant's request, its effect on the progress of the case and whether present counsel will likely provide the defendant with meaningful assistance" (id.).
Here, the Supreme Court's inquiry into the defendant's request for new counsel was "diligent and thorough" (id. at 511). The court repeatedly allowed the defendant, and defense counsel, to explain the reasons for the defendant's loss of confidence in counsel, and reasonably concluded that there was no genuine conflict of interest. That counsel disagreed with the defendant's strategy did not compel the court to delay the proceedings and assign new counsel (see id. at 512). Thus, the court did not improvidently exercise its discretion in concluding that the defendant failed to show good cause for the substitution of counsel in connection with his resentencing (see People v Porto, 16 NY3d 93, 99; People v Linares, 2 NY3d 507; People v Medina, 44 NY2d 199). Furthermore, the transcript of the resentencing proceeding establishes that counsel continued to provide meaningful assistance to the defendant (see People v Linares, 2 NY3d at 510; People v [*3]Medina, 44 NY2d at 208; People v Robinson, 130 AD3d 848).
The defendant's claim, raised in his pro se supplemental brief, of unreasonable delay in resentencing pursuant to CPL 380.30(1) is unpreserved for appellate review, as it is raised for the first time on this appeal (see CPL 470.05[2]; People v Smith, 64 AD3d 798; People v Mitchell, 54 AD3d 779). "Considering that the [hearing] court is in a position to take proof and make factual calculations regarding sentencing delay, the issue is similar to speedy trial claims, which must be preserved at the trial level if they are to be recognized on appeal, be they based on constitutional grounds or on statutory grounds" (People v Marshall, 228 AD2d 15, 18 [citations omitted]; see People v Butti, 250 AD2d 859). Inasmuch as this contention is unpreserved for appellate review, we decline to reach the contention in the exercise of our interest of justice jurisdiction (see People v Butti, 250 AD2d at 859-860; People v Marshall, 228 AD2d at 18).
The defendant's contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel because of various errors on the part of defense counsel is without merit. "A defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (People v Stultz, 2 NY3d 277, 287; see People v Ennis, 11 NY3d 403, 415; People v Flowers, 121 AD3d 1014, affd 28 NY3d 536). The defendant contends that counsel should have moved pursuant to CPL 380.30(1) to dismiss the indictment based on the 12-year delay between the original sentencing, on October 18, 1999, and the resentencing, on November 2, 2011. He contends that the delay resulted in substantial prejudice by denying him the ability to present evidence of mitigation with respect to his character and history. However, since the relevant time period was from the date of the order setting aside the original sentence to the start of his resentencing hearing, a period of only 5½ months (see People v Williams, 14 NY3d 198, 213; People v Peterson, 158 AD3d 448; People v Florio, 125 AD3d 451; People v Howard, 96 AD3d 1691, 1692), there was no unreasonable delay, and no prejudice. Nor was it ineffective of counsel not to object to the admission into evidence of the defendant's postconviction prison disciplinary record, since the evidence, even if hearsay, was admissible under CPL 400.20(5). The Supreme Court was permitted to consider "any facts or circumstances relevant to the imposition of a new sentence which are submitted by [the defendant] or the people, including the defendant's institutional record of confinement" (People v Myles, 90 AD3d 952, 953-954 [citation and internal quotation marks omitted]; see People v Adams, 155 AD3d 1058, 1059; People v Parker, 107 AD3d 1017, 1019). The remaining purported omissions of counsel involve motions or objections that similarly would have had little or no chance of success (see People v Stultz, 2 NY3d at 287).
Moreover, the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that defense counsel provided meaningful representation (see People v Baldi, 54 NY2d 137, 146-147).
MASTRO, J.P., DILLON, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court