People v Hobbs (2019 NY Slip Op 01899)





People v Hobbs


2019 NY Slip Op 01899


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


134 KA 18-00162

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
AMIN HOBBS, DEFENDANT-APPELLANT. 






ROBERT TUCKER, PALMYRA, FOR DEFENDANT-APPELLANT.
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (BRUCE A. ROSEKRANS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Wayne County Court (Daniel G. Barrett, J.), rendered October 5, 2017. The judgment convicted defendant, upon his plea of guilty, of criminal mischief in the fourth degree and unlawful fleeing a police officer in a motor vehicle in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal mischief in the fourth degree (Penal Law
§ 145.00 [3]) and unlawfully fleeing a police officer in a motor vehicle in the third degree (§ 270.25), defendant contends that County Court lost jurisdiction to impose sentence on those offenses due to an unreasonable delay between the entry of the plea and sentencing (see generally CPL 380.30 [1]). We reject that contention.
Defendant pleaded guilty in May 2014 to the two offenses in full satisfaction of the indictment and was released pending sentencing. After he was arrested in Monroe County, New York in August 2017, he moved pro se to dismiss that indictment on the ground that the court lost jurisdiction to sentence him due to the delay in imposing sentence. He asserted that he had moved to Colorado prior to the scheduled sentencing date and that he had been arrested several times and incarcerated there, but he provided no specific information concerning when or for how long he had been incarcerated. The People asserted that, although they knew that defendant had been living in Colorado, they were not aware that he had been incarcerated there.
We conclude that the court properly denied the motion without a hearing. Although an unreasonable delay in imposing sentence will cause a court to lose jurisdiction over a defendant, "[w]hen delay is caused by the conduct of the defendant which frustrates the entry of judgment, it is excusable" (People v Brazeau, 144 AD2d 977, 978 [4th Dept 1988], lv denied 73 NY2d 889 [1989]). Furthermore, "[w]here a delay in sentencing is due to an absconding defendant, the People are under no obligation to make efforts to apprehend the defendant to avoid a loss in jurisdiction" (People v Cook, 133 AD3d 775, 776 [2d Dept 2015], lv denied 27 NY3d 1067 [2015]). Here, defendant contends that the People had a duty to act diligently in securing his presence in New York because the People knew or should have known that he was incarcerated while in Colorado. We reject that contention inasmuch as the delay in sentencing was caused by defendant's conduct in absconding, and there is nothing in the record to suggest that the People had actual or constructive knowledge of defendant's incarceration in Colorado at any time while he was incarcerated there (see id.; People v Saunders, 93 AD3d 487, 487 [1st Dept 2012], lv denied 19 NY3d 967 [2012]; People v James, 78 AD3d 862, 863 [2d Dept 2010], lv denied 16 NY3d 832 [2011]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court