■ The People of the State of New York, Respondent, v Vance Morris, Appellant. [800 NYS2d 6]—

Judgment, Supreme Court, New York County (Laura Visitacion-Lewis, J.), rendered July 24, 2002, convicting defendant, after a jury trial, of 16 counts of criminal contempt in the first degree, and sentencing him, as a persistent felony offender, to concurrent terms of 15 years to life, unanimously affirmed.

The court properly exercised its discretion in sentencing defendant as a persistent felony offender, in view of defendant's very lengthy and serious criminal history, which is replete with violent and offensive acts against women (*compare People v Mason*, 277 AD2d 170 [2000], *lv denied* 96 NY2d 785 [2001]; *with People v Rivera*, 166 AD2d 367 [1990], *lv denied* 77 NY2d 842 [1991]). The fact that defendant had been offered a favorable plea bargain does not negate the validity of the sentence imposed under the circumstances of this case (*see People v Pena*, 50 NY2d 400, 411-412 [1980], *cert denied* 449 US 1087 [1981]).

Defendant's constitutional challenge under *Apprendi v New Jersey* (530 US 466 [2000]) to New York's discretionary persistent felony offender sentencing scheme is unpreserved, and we decline to review it in the interest of justice. Were we to review this claim, we would reject it (*see People v Rivera*, 5 NY3d 61 [2005]; *People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]).

The court properly denied defendant's request for substitution of counsel prior to his persistent felony offender hearing. Defendant supported his request with nothing more than his

unjustified hostility toward and lack of confidence in his attorney (*see People v Sawyer*, 57 NY2d 12, 19 [1982], *cert denied* 459 US 1178 [1983]; *People v Medina*, 44 NY2d 199, 207-209 [1978]). Defendant's attacks on counsel's competence were entirely conclusory. Concur—Buckley, P.J., Andrias, Saxe and Nardelli, JJ.