This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 84
The People &c.,
            Respondent,
        v.
Michael E. Prindle,
            Appellant.

James A. Hobbs, for appellant.
Leah R. Mervine, for respondent.
The Legal Aid Society, amicus curiae.

WILSON, J.:

        "This appeal presents another Apprendi challenge to New York's discretionary persistent felony offender sentencing scheme. The primary issue before us is whether, in light of [Alleyne v United States, (133 St Ct 2151 [2013])], this sentencing scheme violates Apprendi and defendant's due process and Sixth Amendment rights. We again uphold the constitutionality

- 1 -

of New York's discretionary persistent felony offender sentencing scheme and further hold that defendant's constitutional rights were not violated" (People v Quinones, 12 NY3d 116, 119).

### I.

The Sixth and Fourteenth Amendments guarantee criminal defendants in state courts "the right to a speedy and public trial, by an impartial jury."  To satisfy that right, the People must prove each element of a crime beyond a reasonable doubt. Among those elements is any fact -- other than one admitted by the defendant or involving the mere fact of a prior felony conviction (Almendarez-Torres v United States, 523 US 224 [1998]) -- that has the effect of increasing the prescribed range of penalties to which a defendant is exposed (see Apprendi, 530 US at 489-490).  For nearly two decades, the United States Supreme Court has applied the Apprendi rule in cases involving capital punishment (Hurst v Florida, 136 S Ct 616 [2016]; Ring v Arizona, 536 US 584 [2002]), broad judicial discretion to find aggravating factors (Cunningham v California, 549 US 270 [2007]; Blakely v Washington, 542 US 296 [2004]), the federal sentencing guidelines (United States v Booker, 543 US 220 [2005]), and mandatory minimum sentences (Alleyne, 133 S Ct 2151).

Each successive decision of the Supreme Court has brought renewed challenges to the constitutionality of New York's persistent felony offender statute.  From the first of those challenges, we have held that the statute (Penal Law § 70.10 [1]

[a]), falls within the exception provided by <u>Almendarez-Torres</u>, and thus outside the scope of the <u>Apprendi</u> rule, because it exposes defendants to an enhanced sentencing range based only on the existence of two prior felony convictions (<u>People v Giles</u>, 24 NY3d 1066 [2014]; <u>People v Battles</u>, 16 NY3d 54 [2010]; <u>People v Quinones</u>, 12 NY3d 116 [2009]; <u>People v Rivera</u>, 5 NY3d 61 [2005]; <u>People v Rosen</u>, 96 NY2d 329 [2001]).[1]  As we have consistently explained, the existence of those prior convictions -- each the result of either a guilty plea or a jury verdict -- is the "*sole determinant* of whether a defendant is subject to recidivist sentencing as a persistent felony offender" (<u>Rivera</u>, 5 NY3d at 66, citing <u>Rosen</u>, 96 NY2d at 335).  Only after the existence of those prior convictions is established and the maximum permissible sentence raised does Supreme Court have "the discretion to choose *the appropriate sentence within a sentencing range prescribed by statute*" (<u>Quinones</u>, 12 NY3d at 129; see Penal Law § 70.10 [2]).[2]

_____

[1] Although an "especially long and disturbing history of criminal convictions" is one factor a judge may consider in determining where in the expanded range to sentence a defendant (<u>Rivera</u>, 5 NY3d at 70), no assessment of the nature of the crimes underlying the prior convictions is called for by the initial persistent felony offender adjudication.

[2] Persistent felony offender statutes that require a judge to rely on traditional sentencing factors <u>before</u> exposing a defendant to an expanded sentencing range impermissibly infringe upon the province of the jury (<u>Cunningham</u>, 549 US at 290). However, <u>Apprendi</u> and its successors uniformly uphold sentencing laws that allow for such discretion <u>after</u> the defendant is determined to be eligible for the expanded sentencing range (see e.g. <u>Alleyne</u>, 133 St Ct at 2163; <u>Blakely</u>, 542 US at 309; <u>Apprendi</u>, 530 US at 481).  Our Penal and Criminal Procedure Laws,

"The court's opinion is, of course, subject to appellate review, as is any exercise of discretion. The Appellate Division, in its own discretion, may conclude that a persistent felony offender sentence is too harsh or otherwise improvident" and reduce it in the interest of justice to a sentence within the statutory range fixed by the legislature for the crime of conviction, without regard to the persistent felony offender enhancement (Rivera, 5 NY3d at 68-69). "In this way, the Appellate Division can and should mitigate inappropriately severe applications of the statute" (id.).

In other words, the statute mandates a two-part process: in step one, the court adjudicates the defendant a persistent felony offender if the necessary and sufficient fact of the two prior convictions is proved beyond a reasonable doubt, thereby exposing him to the sentencing range applicable to such offenders; in step two, it evaluates what sentence is warranted and sets forth an explanation of its opinion on that question for the record (see Penal Law § 70.10 [2]; Rivera, 5 NY3d at 68).

Although Rivera and several of our cases following it include dissents questioning the soundness of our construction of New York's persistent felony offender statute (Giles, 24 NY3d at 1073-1076 [Abdus-Salaam, J., dissenting]; Battles, 16 NY3d at 49-68 [Lippman, Ch. J., dissenting in part]; Rivera, 5 NY3d at 71-76 [Kaye, Ch. J., dissenting]; Rivera, 5 NY3d at 76-83 [Ciparick,

as construed by Rosen, Rivera and their progeny, outline precisely such a law.

J., dissenting]), that construction has withstood both Sixth Amendment scrutiny and the test of time.[3]  For the reasons elaborated in our prior cases and the principle of stare decisis, our construction withstands Mr. Prindle's suit as well.

## II.

In addition to asking us to discard our well-settled construction of the persistent felony offender statute established in Rosen, Rivera, Quinones, Battles, and Giles (a decision that would require us to strike down the statute as unconstitutional and hold the sentence at issue illegal), Mr. Prindle argues that the Supreme Court's recent extension of Apprendi to increases in the mandatory minimum of a sentencing range requires us to declare that the statute, even as construed in our prior caselaw, violates the Sixth Amendment.  His argument is unavailing because the persistent felony offender statute never increases the mandatory minimum sentence to which a persistent felony offender is exposed.  Instead, persistent felons are subject to the same mandatory minimum as non-recidivist offenders guilty of the same crime.

---

[3] Even the detractors of our construction of the statute admit that the statute, as construed by this Court, is unquestionably constitutional (Rivera, 5 NY3d at 72 [Kaye, Ch. J., dissenting] ["I agree that the statutory scheme the Court describes would pass constitutional muster"]; State v Bell, 283 Conn 748, 808 [2007] ["the majority's construction of the New York statute places it squarely outside the Apprendi proscription"]).

In <u>Alleyne v United States</u>, the Supreme Court applied <u>Apprendi</u> and remanded for resentencing the case of a defendant who was subjected to an increased, mandatory minimum term of imprisonment based on a judicial finding that he had brandished, rather than merely used or carried, a firearm in relation to a crime of violence (<u>Alleyne</u>, 133 S Ct at 2155; 18 USC § 924 [c] [1] [A]).  Overruling <u>Harris v U.S.</u> (536 US 545 [2002]), which had limited <u>Apprendi</u> to cases increasing the maximum sentence, the Court held that "a fact that increases either end of the [sentencing] range produces a new penalty and constitutes an ingredient of the offense" that must be proved to a jury beyond a reasonable doubt (<u>id.</u> at 2160).

New York's persistent felony offender statute, however, does not increase the mandatory <u>minimum</u> sentence for defendants determined to be persistent felony offenders.  After determining, on the sole basis of the predicate felonies, that a defendant is to be adjudicated a persistent felony offender, a sentencing court may choose to sentence that defendant to at least fifteen years in prison but also "retains its discretion to hand down a sentence as if no recidivism finding existed" (<u>Rivera</u>, 5 NY2d at 68; Penal Law § 70.10 [2] [instructing judges that they <u>may</u> impose an A-1 sentence]).  Moreover, after a defendant has been "adjudicated as a persistent felony offender" during step one, "the People retain the burden to show that the defendant deserves the higher sentence" (<u>Rivera</u>, 5 NY3d at 68).  Thus, even though

Mr. Prindle is a persistent felony offender, the minimum sentence
he could have received has never changed.  Although a judge, in
sentencing a persistent felony offender, is limited to sentences
in a non-continuous range composed of both a lower register (the
sentence authorized by Penal Law §§ 70.00, 70.02, 70.04, 70.06 or
70.80 [5] for the crime of which the defendant stands convicted)
and an upper one (the sentence authorized by that section for a
class A-1 felony, or between 15 and 25 years to life), the floor
of that expanded range remains -- as the sentencing court in this
case recognized -- the floor faced by offenders who have not been
adjudicated persistent felony offenders (see Portalatin v Graham,
624 F3d 69, 89 n 12 [2010]).[4]

---

[4] Mr. Prindle makes much of the discontinuity between the
sentencing range's two registers.  Such discontinuities, however,
are not unique to New York's persistent felony offender statute,
are of no constitutional moment, and have been approved in
previous Apprendi contexts.  The range for persistent felony
offenders in New York -- the perigee and "apogee of potential
sentences authorized based on factual predicates obtained in
compliance with the Sixth Amendment: those found by the jury,
those admitted by the defendant, and findings of recidivism"
(Portalatin, 624 F3d at 88) -- resembles the range for offenders
subject to the permissible portion of the California Determinate
Sentencing Law at issue in Cunningham, which (as relevant)
invited judges to exercise their discretion in deciding whether
to sentence offenders to a lower term sentence of 6 years or a
higher term sentence of 12 years, but did not empower them to
sentence offenders to any term in between (Cunningham, 549 US at
278).  The sentencing scheme in Cunningham was not struck down on
that basis.  Accordingly, we respect the legislature's power to
prescribe an appropriate sentencing range and consider this
equivalent to a case in which that range's two registers were
overlapping or adjacent to one another.

In attempting to apply Alleyne to the facts of this case, Mr. Prindle contends that judges sentencing defendants in accordance with the New York persistent felony offender statute are engaged in not a two- but a three-step process. In step one, the court relies on prior convictions to determine whether a defendant is a persistent felony offender; in step two, it relies on "the history and character of the defendant and the nature and circumstances of his criminal conduct" to form an opinion about whether she should be sentenced as a non-recidivist or as a persistent felony offender; and, in step three, it relies on traditional sentencing factors to announce a sentence within whichever range was dictated by the results of step two. It is at the end of step two, on this view, that judicial factfinding has impermissibly increased the minimum sentence to 15 years to life.

As we have repeatedly construed New York's persistent felony offender statute, it calls for sentencing courts to proceed in two steps, not three (see Rivera, 5 NY3d at 64 [explaining "the two-part nature of the proceeding"]). Mr. Prindle is attempting to create a Sixth Amendment violation where one does not exist by artificially cleaving step two into distinct pieces. What Mr. Prindle treats as steps two and three -- although they may occur on different days -- are really a single inquiry: where within the expanded range authorized by step one the actual sentence should fall. As we explained in

Rivera, "[i]n practical terms, the legislative command that sentencing courts consider the defendant's 'history and character' and the 'nature and circumstances' of the defendant's criminal conduct merely makes explicit what sentencing courts have always done in deciding where, within a range, to impose a sentence . . . The practice . . . falls squarely within the most traditional discretionary sentencing role of the judge" (Rivera, 5 NY3d at 69; see id. at 71 [reiterating that "the requirement that the sentencing justice reach an opinion as to the defendant's history and character is merely another way of saying that the court should exercise its discretion"]; Giles, 24 NY3d at 1071-1072 [Smith, J., concurring]; Quinones, 12 NY3d at 130; Rosen, 96 NY2d at 335). Although the judge in this case announced that he planned to sentence Mr. Prindle within the upper register of the expanded range before hearing argument about where within that register his precise sentence should fall, his decision to be transparent about the court's intentions did not trespass on the Sixth Amendment. Nor was either the sentencing court or the Appellate Division prohibited from later deciding a sentence within the lower register would be the more appropriate punishment. In short, the minimum sentence did not increase because the lower courts always retained the discretion to sentence defendant "as if no recidivism finding existed" (Rivera, 5 NY3d at 68).

Even were Mr. Prindle correct in characterizing New York's persistent felony offender statute as increasing the sentencing floor for persistent felony offenders, that increase would not be the result of impermissible judicial factfinding. The increase in the floor to 15 years -- like the increase in the ceiling to life -- would be based solely on the existence of two prior felony convictions. Indeed, as <u>Alleyne</u> is a mere application of the <u>Apprendi</u> rule (<u>Hurst</u>, 136 S Ct at 621) and as its central contention is that there is "no basis in principle or logic to distinguish facts that raise the maximum from those that increase the minimum" (<u>Alleyne</u>, 133 S Ct at 2163) -- or, to put it another way, to distinguish <u>Apprendi</u> from <u>Alleyne</u> -- it follows that the same construction that shelters our persistent felony offender regime from <u>Apprendi</u> would also save it from the latter case.

## III.

For the foregoing reasons, we reaffirm our construction of the persistent felony offender statute and our conclusion that the statute falls squarely within the exception afforded by <u>Almendarez-Torres</u>.

We encourage sentencing courts and all parties engaged in these determinations to be careful to apply the persistent felony offender statute as we have construed it in <u>Rivera</u> and <u>Quinones</u>, a construction that is also thoroughly set out in the

Second Circuit's opinion in <u>Portalatin v Graham</u> (64 F3d 69
[2010], <u>supra</u>).

        The sentencing court in this case followed the
statutory procedure in determining that Mr. Prindle is, and
should ultimately be sentenced as, a persistent felony offender.
Accordingly, the order of the Appellate Division should be
affirmed.

*    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

Order affirmed.  Opinion by Judge Wilson.  Chief Judge DiFiore
and Judges Rivera, Stein and Garcia concur.  Judges Fahey and
Feinman took no part.

Decided June 29, 2017