People v Harris (2022 NY Slip Op 01699)





People v Harris


2022 NY Slip Op 01699


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


1038 KA 18-00613

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERRY HARRIS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered September 7, 2017. The judgment convicted defendant, upon a jury verdict, of aggravated criminal contempt. 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of aggravated criminal contempt (Penal Law
§ 215.52 [1]). We affirm.
Contrary to defendant's contention, the conviction is supported by legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant's contention that the People violated their discovery obligations with respect to the protective order itself is without merit (see People v Mack, 193 AD2d 439, 439 [1st Dept 1993], lv denied 84 NY2d 829 [1994]; see generally People v Ranghelle, 69 NY2d 56, 63 [1986]; People v Nichols, 163 AD3d 39, 48 [4th Dept 2018]). Contrary to defendant's further contention, County Court was not obligated to impose a sanction for the People's belated disclosure of a short audio file inasmuch as defense counsel "received the materials at a time when they were still useful to [the] defense" (People v Martinez, 198 AD2d 67, 67 [1st Dept 1993], lv denied 82 NY2d 927 [1994]; see People v Collins, 203 AD2d 888, 889 [4th Dept 1994], lv denied 85 NY2d 861 [1995]). Defendant's claims of prosecutorial misconduct on summation are unpreserved for appellate review (see People v Haynes, 104 AD3d 1142, 1144 [4th Dept 2013], lv denied 22 NY3d 1156 [2014]).
The record "falls short of establishing conclusively the merit of . . . defendant's claim" that defense counsel was ineffective for failing to alert him, during plea negotiations, to the possibility of persistent felony offender sentencing after trial (People v Lopez-Mendoza, 33 NY3d 565, 573 [2019]). In particular, the unsworn assertions by defendant and defense counsel on that issue raise credibility issues requiring a CPL 440.10 motion (see generally id. at 572-573). We thus cannot decide that claim on direct appeal, i.e., "[w]ithout the benefit of additional facts that might [be] developed after an appropriate postconviction motion" (People v Denny, 95 NY2d 921, 923 [2000]; see People v Spotards, 23 AD3d 586, 587 [2d Dept 2005], lv denied 7 NY3d 763 [2006]).
Contrary to defendant's further contention, defense counsel's failure to call an expert witness at trial does not constitute ineffective assistance because defendant has not demonstrated "that such testimony . . . would have assisted the jury in its determination or that he was prejudiced by its absence" (People v Gonzales, 145 AD3d 1432, 1433 [4th Dept 2016], lv denied 29 NY3d 1079 [2017] [internal quotation marks omitted]). Nor was defense counsel ineffective for not moving to reopen the suppression hearing inasmuch as no "additional pertinent facts [*2][were] discovered [at trial] which would have affected the [suppression] determination" (People v Xing Chen, 117 AD3d 762, 763 [2d Dept 2014], lv denied 24 NY3d 1090 [2014]; see generally People v Huffman, 41 NY2d 29, 34-35 [1976]). Contrary to defendant's further contention, defense counsel was not ineffective for failing to present mitigating evidence at the persistent felony offender hearing inasmuch as defendant has not demonstrated that any genuinely mitigating evidence existed (see People v Rosario, 157 AD3d 988, 995 [3d Dept 2018], lv denied 31 NY3d 1121 [2018]). We have considered and rejected defendant's remaining allegations of ineffective assistance of counsel (see generally People v Baldi, 54 NY2d 137, 146-152 [1981]).
Contrary to defendant's further contention, the court properly exercised its discretion in sentencing him as a persistent felony offender (see People v Morris, 21 AD3d 251, 251 [1st Dept 2005], lv denied 5 NY3d 831 [2005]; see generally Penal Law § 70.10 [2]; People v Prindle, 29 NY3d 463, 467 [2017], cert denied — US —, 138 S Ct 514 [2017]; People v Lowery, 158 AD3d 1179, 1181 [4th Dept 2018], lv denied 31 NY3d 1119 [2018]). Under the circumstances of this case, "[t]he fact that defendant had been offered a favorable plea bargain does not negate the validity of the sentence imposed" (Morris, 21 AD3d at 251). Defendant's Apprendi challenge to the persistent felony offender statute is both unpreserved and meritless (see People v Dingle, 147 AD3d 1080, 1081 [2d Dept 2017], lv denied 31 NY3d 1146 [2018]; see generally Prindle, 29 NY3d at 465-466). Defendant's remaining contentions are without merit.
All concur except Carni, J., who is not participating.
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court