People v Corrodore (2022 NY Slip Op 04590)

People v Corrodore

2022 NY Slip Op 04590

Decided on July 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 14, 2022

112512
[*1]The People of the State of New York, Respondent,
v
Joseph H. Corrodore, Appellant.

Calendar Date:June 1, 2022

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Tina Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the Supreme Court (McDonough, J.), rendered March 15, 2019 in Albany County, convicting defendant upon his plea of guilty of the crimes of aggravated driving while intoxicated with a child passenger, driving while intoxicated (two counts) and endangering the welfare of a child.
A police officer observed defendant driving a truck through a red light and, upon being stopped by the officer, it was discovered that defendant's six-year-old daughter was in the front passenger seat restrained by a seatbelt but not in a child safety seat (see Vehicle & Traffic Law § 1229-c [2], [4] [b]). Defendant failed field sobriety tests and a test taken approximately two hours later established that his blood alcohol content was .11%. Defendant was arrested and later charged by indictment with aggravated driving while intoxicated with a child passenger, a class E felony, and three misdemeanors: two counts of driving while intoxicated (hereinafter DWI) and one count of endangering the welfare of a child. Defendant pleaded guilty to the entire indictment without a sentencing promise from Supreme Court, which advised him that he faced potential persistent felony offender sentencing with a maximum of life in prison based upon his five prior felony convictions, four of which were for DWI. Following a lengthy evidentiary hearing, Supreme Court determined that defendant was a persistent felony offender and sentenced him to a prison term of 15 years to life on the conviction for aggravated driving while intoxicated with a child passenger, and various lesser concurrent sentences. Defendant appeals.
Defendant contends that Supreme Court's discretionary determination to sentence him as a persistent felony offender was unduly severe. His argument is premised on the fact that he had remained crime-free for over 10 years, during which he was gainfully employed, and no injuries or crash resulted from this crime, which was the lowest level felony. Under a two-step inquiry, a defendant qualifies as a persistent felony offender if he or she has previously been convicted of two or more felonies, for which he or she was imprisoned for more than one year, prior to the commission of the present offense (see Penal Law § 70.10 [1] [a], [b]; CPL 400.20 [1]; People v Prindle, 29 NY3d 463, 466 [2017], cert denied ___ US ___, 138 S Ct 514 [2017]). As defendant conceded at the sentencing hearing, the People established, beyond a reasonable doubt (see CPL 400.20 [5]), that he qualified as a persistent felon in that he had previously been convicted of five felonies, including four felony DWI convictions (in 2003, 1998, 1995 and 1993), he had received prison sentences on the two most recent felony DWI convictions of 2 to 6 years, and he was most recently released on parole in 2007.
The second step requires the sentencing court to "evaluate[] what sentence is warranted and set[] forth an explanation of [the court's] opinion on that question for the record" (People [*2]v Prindle, 29 NY3d at 467, citing Penal Law § 70.10 [2] and People v Rivera, 5 NY3d 61, 68 [2005], cert denied 546 US 984 [2005]). The determination of the appropriate sentence requires the court to consider, in the exercise of its discretion, whether "the history and character of the defendant and the nature and circumstances of his [or her] criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest" (Penal Law § 70.10 [2]; see CPL 400.20 [1]; People v Dickinson, 182 AD3d 783, 790 [2020], lv denied 35 NY3d 1065 [2020]). Matters pertaining to the second step inquiry must be established by a preponderance of the evidence (see CPL 400.20 [5]).
The record reflects that, after a full hearing, Supreme Court took into consideration all relevant sentencing factors, including defendant's felony criminal history dating back to 1993 — 25 years — which included five prior felony convictions, four for DWI for which he served progressively longer prison terms, and his earlier misdemeanor convictions for DWI and other offenses dating back to 1982. The court aptly characterized defendant's criminal history as "dangerous" and "egregious" and noted that, although he had participated in alcohol abuse treatment programs 10 separate times, they neither effectively cured his apparent substance abuse problem nor deterred his decision to drive after consuming alcohol to the point of intoxication, endangering his young daughter and the public. While recognizing that there had been a gap of approximately 10 years since his last DWI conviction, the court found that his repeat conduct in 2018 at age 54, which placed his daughter, other motorists and pedestrians in danger, undermined any confidence that he would not "slip right back into criminal behavior." Indeed, the testimony at the hearing, including from defendant, supported the conclusion that he had continued to consume alcohol even after this arrest and up until the hearing.
In the end, Supreme Court grappled with the difficult and statutorily limited choice, which it characterized as a "dilemma," between sentencing defendant as a first felony offender to a maximum permissible prison term of 1&frac13; to 4 years for a class E felony (see Penal Law § 70.00 [2] [e]; [3] [b]), which it found to be "woefully inadequate" — a term less than he had served upon his third and fourth felony DWI convictions — or, as a persistent felony offender, to the minimum term of 15 years to life, which it acknowledged may be excessive in some respects (see Penal Law § 70.10 [2]).[FN1] Given these legislative parameters and the evidence and testimony adduced at the hearing reflecting defendant's character, history and the circumstances of his current criminal conduct, which the court found were established by a preponderance of the evidence (see CPL 400.20 [5]), the court concluded that a non-recidivist sentence was not appropriate and that it was more appropriate to sentence defendant [*3]as a persistent felon, to the minimum permissible prison term of 15 years to life. This choice "falls squarely within the most traditional discretionary sentencing role of the judge" (People v Rivera, 5 NY3d at 69; accord People v Prindle, 29 NY3d at 470) and, to that end, the record reflects that the court made painstaking efforts to exercise its discretion and did not act "arbitrarily or irrationally" (People v Rivera, 5 NY3d at 68). Acknowledging the restrictive statutory choices, we cannot conclude that the recidivist sentence for a fifth felony DWI and sixth felony conviction is "too harsh or otherwise improvident" (id.). Accordingly, we discern no basis upon which to disturb the sentence (see People v Gertz, 204 AD3d 1166, 1172 [2022], lv denied ___ NY3d ___ [June 14, 2022]; People v Dickinson, 182 AD3d at 790; People v Swartz, 160 AD3d 1296, 1296 [2018]; People v Kenyon, 108 AD3d 933, 942 [2013], lv denied 21 NY3d 1075 [2013]). We have considered defendant's related contentions and find that none warrant a contrary conclusion.
Clark, J.P., Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Supreme Court took note that second felony offender sentencing was not permitted here, given that defendant's sentence upon his most recent conviction in 2003 was imposed more than 10 years before commission of the present felony in 2018, and he was released from incarceration on that prior conviction in 2007, more than 10 years prior to the commission of this felony (see Penal Law § 70.06 [1] [b] [iv], [v]). There are no time restrictions for reliance upon prior felony convictions for persistent nonviolent felony offender sentencing (see Penal Law § 70.10; compare Penal Law §§ 70.04 [1] [b] [iv], [v]; 70.08 [1] [b]).