People v Stoudt (2024 NY Slip Op 02727)

People v Stoudt

2024 NY Slip Op 02727

Decided on May 16, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 16, 2024

112778
[*1]The People of the State of New York, Respondent,
v
Kevin A. Stoudt, Appellant.

Calendar Date:April 19, 2024

Before:Aarons, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ.

Joseph Kirby, Ithaca, for appellant.
Kirk O. Martin, District Attorney, Owego (Lillian Reardon of counsel), for respondent.

Appeal from a judgment of the County Court of Tioga County (Gerald A. Keene, J.), rendered January 31, 2020, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Defendant was charged in a six-count indictment with criminal sale of a controlled substance in the third degree for selling heroin and criminal sale of a controlled substance in the fifth degree for selling methamphetamine, for sales occurring on separate dates in August 2018, and also charged with other drug-related possessory crimes. Defendant thereafter entered a guilty plea to criminal sale of a controlled substance in the third degree, in satisfaction of all charges. He was advised that he faced a prison sentence of between 6 and 15 years, followed by postrelease supervision (hereinafter PRS) of between 1½ and 3 years, on the understanding that he would qualify as a second felony offender, although no sentencing promises were made. County Court ultimately determined that second felony offender sentencing would not be appropriate and imposed a prison term of 7½ years, to be followed by two years of PRS, as a first felony offender. Defendant appeals.
Defendant's sole contention is that the sentence imposed is unduly harsh and severe given his substance abuse history and his assistance in other investigations pursuant to a cooperation agreement with the District Attorney. As a first felony offender convicted of a B-level felony drug offense, defendant faced a prison sentence of between one and nine years, probation or an alternate definite sentence (see Penal Law § 70.70 [2] [a] [i]; [b], [c]), and PRS of up to two years (see Penal Law § 70.45 [2] [b]). His plea avoided potential consecutive sentences for the separate sales of heroin and methamphetamine on different days (see Penal Law § 70.25 [1]). Notwithstanding the mitigating factors, defendant has an extensive criminal history dating back to 2003 that includes violent felonies. Although the parties initially believed at the time of his guilty plea that he qualified as a second felony offender, after further inquiry County Court determined not to sentence him as a predicate offender and, contrary to his claim, the court did not thereafter improperly circumvent that determination by imposing a sentence in the higher range as a first felony offender.[FN1] That said, the court was entitled to take into consideration defendant's entire criminal history in selecting an appropriate sentence (see CPL 390.30 [1]; People v Corrodore, 207 AD3d 893, 895 [3d Dept 2022], lv denied 38 NY3d 1187 [2022]). Further, the court did in fact give some weight to his cooperation, which the People described as "minimal," and noted his addiction, which the court found he had not addressed, in imposing less than the maximum permissible sentence. Under all of the circumstances, we do not find that the sentence imposed was unduly harsh or severe and decline his request to modify it in the interest [*2]of justice (see CPL 470.15 [3] [c]; [6] [b]).
Aarons, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: At sentencing, County Court denied defendant's motion to withdraw his guilty plea as based upon the mistaken belief, at the time of his plea, that he faced greater sentencing exposure as a predicate offender. Defendant does not challenge that ruling on appeal.