People v Smith (2025 NY Slip Op 50913(U))

[*1]

People v Smith

2025 NY Slip Op 50913(U)

Decided on June 2, 2025

Supreme Court, Bronx County

Collins, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 2, 2025
Supreme Court, Bronx County

The People of the State of New York

against
Russell Smith, Defendant.

Indictment No. 130/2016

People
Noah J. Chamoy
Office of Darcel D. Clark
District Attorney
Bronx County 
Defendant
Mark W. Zeno
Center for Appellate Litigation
Josh A. Roth
Winston & Strawn LLP 

Tara A. Collins, J.

The defendant was convicted in Supreme Court, Bronx County, after a jury trial, of Rape in the First Degree. On May 19, 2017, the Honorable Robert E. Torres sentenced the defendant, as a second violent felony offender, to eighteen years in prison with twenty years of post-release supervision.[FN1]
The defendant now moves, through counsel, pursuant to CPL § 440.20, to set aside his sentence. Citing to Erlinger v. United States, 602 US 821 (2024), the defendant argues that his Sixth Amendment right to a jury trial was violated when the court, rather than a jury, made the tolling calculation to determine whether he qualified for sentencing as a predicate felon. The People oppose on procedural and substantive grounds.
At the defendant's sentencing, the People filed a predicate felony statement, which stated that he had been convicted in Schenectady County on April 5, 2002, of Criminal Possession of a Controlled Substance in the Third Degree and Criminal Possession of a Weapon in the Third Degree (two counts), and was sentenced to a total of one hundred and fifty months to twenty-five years in prison.[FN2]
The predicate felony statement also included the dates the defendant was imprisoned: from May 8, 2002, to October 9, 2013. (See defendant's exhibit A).
As an initial matter, the defendant waived his current claim. At his sentencing, the following colloquy took place regarding the predicate felony statement:
The Court Clerk: Is that your attorney, Mr. Multer, standing beside you?
The Defendant: Yes, it is.
The Court Clerk: The District Attorney of Bronx County has filed a predicate felony statement with the court. Have you received a copy of that statement?
The Defendant: Yes, I did.
The Court Clerk: The District Attorney states that on the 5th day of April, 2002, in Schenectady, New York, you were convicted of Penal Law Section 220.16, 265.02, and 265.02. And on that same date you received a sentence of 150 months to 25 years imprisonment. Are you the same Russell Smith named in that statement?
The Defendant: Yes.
The Court Clerk: Do you wish to challenge this statement in any way?
The Defendant: No.
The Court Clerk: Defendant is adjudicated a predicate felon.
(Defendant's exhibit B, pp. 4-5).
By failing to contest his underlying conviction or the periods of incarceration listed in the predicate felony statement, the defendant waived his current claim (see People v. Gomez, 236 AD3d 603, 604-605 [1st Dept. 2025]["defendant waived the issue and relinquished the argument that the People had not established the dates of incarceration" by not contesting the relevant periods of incarceration]; see generally People v. Hernandez, 2025 NY Slip Op. 00904 [2025]).
The Court finds the defendant's arguments against waiver unavailing. In contrasting his case from the facts in Gomez, the defendant states that here the court clerk did not read into the record the periods of incarceration listed in the predicate felony statement, did not affirmatively inform him that he could contest the statement on that ground, and that it was unclear when the [*2]clerk asked the defendant if he wished to challenge "this statement" if he was referring to the predicate felony statement or the clerk's oral statement. The defendant, however, acknowledged that he had received a copy of the predicate felony statement which contained the incarceration information. Further, the defendant was represented by counsel at his sentencing. Immediately before being arraigned on the predicate felony statement, the defendant acknowledged that his attorney was standing beside him. An attorney is presumed to have rendered effective assistance (People v. Barboni, 21 NY3d 393, 406 [2013]), and the defendant does not allege that his attorney did not counsel him on the predicate felony statement. Indeed, the instant motion does not include an affidavit from the defendant indicating he was confused or misinformed about the proceeding and/or the predicate felony statement itself.
Reaching the merits of the defendant's claim, it still fails. Penal Law § 70.04 mandates that an enhanced sentence be imposed for a defendant who commits a second violent felony offense within ten years of committing the first violent felony offense. The ten-year period is extended — that is, tolled — by periods of incarceration, and the statute directs that the tolling period be determined by the court (Penal Law §§ 70.04[1][v] and 70.04[2]). In light of Erlinger, the defendant maintains the periods of incarceration he served for his prior conviction were an issue of fact that should have been decided by a jury. The Supreme Court in Erlinger, 602 US at 825, 834-835, held that the judicial determination that past offenses were "committed on occasions different from one another" necessary for enhanced sentencing under the federal Armed Career Criminal Act ("ACCA") violated the Sixth Amendment. Erlinger had argued that making such a determination "required an assessment of the facts surrounding those offenses" (id. at 821) and the Supreme Court agreed the "fact-laden task" must be decided by a unanimous jury (id. at 822). The Court noted that the ACCA involved resolving an issue of fact that went beyond the exception delineated in Almendarez-Torres v. United States, 523 US 224 (1998), for "the fact of a prior conviction" which need not go to a jury (Erlinger, 602 US at 836).
In the wake of Erlinger, the trial courts of this state have grappled with whether it invalidates New York's predicate felony sentencing scheme, with some finding it does (see e.g. People v. Banks, 85 Misc 3d 423 [Sup. Ct. NY Co. 2024]) and some finding it does not (see e.g. People v. Jackson, 2025 NY Slip Op. 25010 [Sup. Ct. Queens Co. 2025]). Since the Supreme Court's decision in Apprendi v. New Jersey, 530 US 466 (2000) — which did not disturb Almendarez-Torres' exception permitting a judicial determination of a prior conviction for the purpose of imposing an increased sentence - New York appellate courts have entertained numerous constitutional challenges to the persistent felony offender statutes. Each challenge has failed (see e.g. People v. Garvin, 30 NY3d 174 [2017]; People v. Prindle, 29 NY3d 463 [2017]; People v. Giles, 24 NY3d 1066 [2014]; People v. Porto, 16 NY3d 93 [2010]; People v. Wells, 15 NY3d 927 [2010]; People v. Bell, 15 NY3d 935 [2010]; People v. Rivera, 5 NY3d 61 [2005]; People v. Rosen, 96 NY2d 329[2001]). 
Against this backdrop, in the absence appellate authority on the issue, and persuaded by the analysis in Jackson, 2025 NY Slip Op. *909-910, this Court finds the Erlinger decision does not invalidate the longstanding precedent in New York that the predicate felony statutes do not run afoul of Apprendi. Unlike the ACCA, Penal Law § 70.04 does not necessitate courts [*3]engaging in analysis beyond what is permissible under Almendarez-Torres.[FN3]
Since Erlinger does not mandate Penal Law § 70.04's tolling calculation be made by a jury, the defendant's claim is rejected.
Even assuming the tolling provision is at odds with the Supreme Court's Elringer holding, the defendant's claim would still not succeed. That determinations involving past convictions must be made by a jury instead of a judge would be a "new rule" in that it "breaks new ground or imposes a new obligation on the States or the Federal Government" (Teague v. Lane, 489 US 288, 301 [1989]; see People v. Rodney, 85 Misc 3d 852, 854-855 [Sup. Ct. NY Co. 2024]). It appears the dissenting Justices in Erlinger believed that to be the case. In footnote 2 of his dissent, Justice Brett M. Kavanaugh observed:
[T]he Court's new constitutional rule will apply not only to federal cases, but also to state cases. Several States have recidivism enhancements that require judges to find whether the defendant committed prior crimes on different occasions. Those state courts, like the federal courts, have long relied on Almendarez-Torres to hold that judges may make that different occasion determination
(Erlinger, 602 US at 898, n. 2 [Kavanaugh, J. dissenting][internal citations omitted]). Justice Ketanji Brown Jackson noted, "Past criminality on a defendant's part is a traditional basis for a sentencing court's increasing an offender's sentence" and "judges have long been entrusted with finding facts related to recidivism" (id. at 889-890 [Jackson, J. dissenting]). 
A new constitutional rule of criminal procedure is not retroactive for cases on collateral review unless it falls within a recognized exception (see Teague, 489 US at 307, 310; People v. Eastman, 85 NY2d 265, 275-276 [1995]; see also People v. Pepper, 53 NY2d 213, 220-221 [1981]). This Court finds that neither of the two exceptions articulated in Teague apply, nor does New York State law compel Erlinger's new rule to be retroactively applied (see Erlinger, 602 US at 898, n.3 [Kavanugh, J. dissenting]["For any case that is already final, the Teague rule will presumably bar the defendant from raising today's new rule in collateral proceedings"]; Allen v. United States, 2025 WL 755186 *4 [USDC, MD Florida, 2025]; Rodney, 85 Misc 3d at 855-859). Thus, Erlinger does not apply retroactively to the defendant's motion to set aside his sentence.
The Court has considered the defendant's remaining contentions in support of his motion, and finds they do not warrant a different conclusion.
Accordingly, the defendant's CPL § 440.20 motion is summarily denied.
This constitutes the decision and order of the Court.
DATED: June 2, 2025
TARA A. COLLINS, A.J.S.C.

Footnotes

Footnote 1:Although the defendant was sentenced as a second violent felony offender, the sentence imposed by Justice Torres was also permissible for a first-time violent felony offender. The sentencing range for Rape in the First Degree, a class B violent felony offense, is between five and twenty-five years in prison with between five and twenty years of post-release supervision (Penal Law §§ 60.05[3], 60.13, 70.00[6], 70.02[3][a], 70.45[2a][f], and 70.80[6]). For a second violent felony offender, the sentencing range is between ten and twenty-five years in prison with between ten and twenty-five years of post-release supervision (Penal Law §§ 60.05[6], 60.13, 70.00[6], 70.04[2], 70.04[3][a], 70.45[2a][i], and 70.80[6]).

Footnote 2:For the third-degree Criminal Possession of a Weapon count under Penal Law § 265.0(4) (since repealed) the defendant was sentenced to three years of post-release supervision to follow a concurrent determinate seven-year prison term.

Footnote 3:That courts may have to review outside records, such as New York State Department of Corrections and Community Supervision records, to confirm periods of incarceration does not change this analysis. The Supreme Court acknowledged that to determine the "fact of a prior conviction," courts may have to consult official records of the prior conviction (Erlinger, 602 US at 839).