People v Young
2026 NY Slip Op 02883
May 7, 2026
Appellate Division, First Department
Webber, J.P.
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Aaron Young, Defendant-Appellant.

Supreme Court, Appellate Division, First Judicial Department
Decided and Entered: May 07, 2026
Index No. 74702/23|Appeal No. 5490|Case No. 2024-05936|
Troy K. Webber
David Friedman Manuel Mendez Martin Shulman Shlomo S. Hagler

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Carola M. Beeney of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Addison Eisley and Anna Notchick of counsel), for respondent.

Defendant appeals a judgment of the Supreme Court, New York County (Robert Mandelbaum, J., at plea; Marisol Martinez Alonso, J., at sentencing), rendered September 11, 2024, convicting him of robbery in the third degree.

Webber, J.P.
[*1]
Defendant appeals a judgment of the Supreme Court, New York County (Robert Mandelbaum, J., at plea; Marisol Martinez Alonso, J., at sentencing), rendered September 11, 2024, convicting him of robbery in the third degree.
Jenay Nurse Guilford, Center for Appellate Litigation, New York (Carola M. Beeney of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Addison Eisley and Anna Notchick of counsel), for respondent.
WEBBER, J.P.
The question presented on appeal is whether the enhanced sentence imposed was unlawful in light of Erlinger v United States (602 US 821 [2024]). Stated another way, we are asked to decide whether the tolling provision under Penal Law § 70.06 (1) (b) (v) has been rendered unconstitutional by Erlinger.
The New York State Legislature has mandated that certain defendants receive higher sentences based on their history of criminal convictions. As relevant here, a defendant is a "second felony offender" for whom certain higher mandatory minimum sentences "must be fixed" if he "stands convicted of a felony . . . after having previously been subjected to one or more predicate felony convictions" (Penal Law § 70.06[1][a], [3]). For a second felony offender convicted of robbery in the third degree, a class D felony, a court "must impose an indeterminate sentence of imprisonment" with a maximum term of "at least four years" and not more than seven years, and a minimum term of "one-half of the maximum term imposed" (Penal Law § 70.06[2], [3][d], [4][b]).
Not all of a defendant's prior felony convictions qualify as predicates, however. For a conviction to qualify, "sentence must have been imposed not more than ten years before commission of the" current felony offense (Penal Law § 70.06[1][iv]). But this 10-year period "shall be extended by a period or periods equal to" "any period of time during which the person was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony" (Penal Law § 70.06 [1][v]). These provisions establish, in effect, a 10-year lookback period, measured backward from the date of the defendant's commission of the current felony, that is then "extended by any period of incarceration" that the defendant had served between his prior felonies and his current one (see People v Hernandez, 43 NY3d 591, 596 [2025]). This extension of the lookback period is often described as "tolling" (CPL 400.21[2]). CPLR 400.15(7)(a) states that where a defendant controverts an allegation in the statement, a hearing must be held before the court without jury.
[*2]
Constitutional challenges to New York's sentencing scheme have repeatedly been rejected (see People v Prindle, 29 NY3d 463, 465 [2017]; People v Giles, 24 NY3d 1066, 1068 [2014]; People v Bell, 15 NY3d 935-936 [2010], cert denied 563 US 979 [2011]; People v Quinones, 12 NY3d 116, 122-124 [2009]; People v Rivera, 5 NY3d 61 [2005]; see also Portalatin v Graham, 624 F3d 69 [2d Cir 2010]). In upholding the sentencing scheme, the courts have primarily relied upon Almendarez-Torres v United States (523 US 224 [1998]) and Apprendi v New Jersey (530 US 466 [2000]).
In Erlinger, the Supreme Court addressed the Armed Career Criminal Act (ACCA) (18 USC § 924 [e] [1]), a federal statute that provides enhanced sentences upon defendants who previously committed three violent or drug offenses on "occasions different from one another" (Erlinger, 602 US at 825 [citation omitted]). In Erlinger, the 6-3 majority held that the "different occasions" determination had to be made by a jury with proof beyond a reasonable doubt (id. at 849). Defendant Erlinger pleaded guilty; at the sentencing hearing, the government alleged that within a span of days, 26 years before the instant charge, Erlinger had committed four different business burglaries on different days, thus meeting the different occasions test. The defendant disagreed, arguing that his crimes occurred during a single criminal episode and thus did not meet the test. The trial court found that the different occasions test had been met and rejected the defendant's request for a jury determination. On appeal, the government agreed that the different occasions inquiry required a jury finding given "the intensely factual nature" of the question; nevertheless, the Court of Appeals for the Seventh Circuit affirmed the conviction (id. at 828).
In its decision, the Supreme Court majority reviewed the history of the Constitution and Bill of Rights and held that the Fifth and Sixth Amendments protect liberty by "requiring a unanimous jury to find every fact essential to an offender's punishment" (id. at 832 [citations omitted]). The Court noted that in Apprendi (530 US at 490), it had found unconstitutional a New Jersey law which provided an increased sentence based on a judicial finding by a preponderance of the evidence that a crime was motivated by racial bias. The majority stated that under Apprendi, "[o]nly a jury may find 'facts that increase the prescribed range of penalties to which a criminal defendant is exposed' " (Erlinger, 602 US at 833, quoting Apprendi, 530 US at 490). "Virtually any fact that increases the prescribed range of penalties to which a criminal defendant is exposed must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)" (id. at 834 [internal quotation marks and brackets omitted]).
[*3]
The Erlinger majority also discussed its decision in Almendarez-Torres (523 US at 224), in which it announced a narrow exception to the Apprendi rule. Under the Almendarez-Torres rule, a judge was allowed"to undertake the job of finding the fact of a prior conviction—and that job alone" (Erlinger, 602 US at 837 [citation omitted]). The majority went on to criticize but not overrule the Almendarez-Torres exception calling it "arguabl[y] . . . incorrec[t]," an "unusual . . . exception to the Sixth Amendment rule" (id.). It stated that "[u]nder that exception, a judge may do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of" (id. at 838).
The majority stated that under Almendarez-Torres, a court might also use written materials (apparently without a jury finding) for one additional discrete related purpose: "a court may need to know the jurisdiction in which the defendant's crime occurred and its date in order to ascertain what legal elements the government had to prove to secure a conviction in that place at that time" (id. at 839). Concluding that the defendant in Erlinger "was entitled to have a jury resolve the ACCA's 'different occasions'" the majority specifically acknowledged that "while judicial predicate findings on the [different occasions] issue in some cases might raise significant factual issues, in [other cases] those issues would be straightforward and not require significant scrutiny" (People v Lopez, 85 Misc 3d 171, 176 [Sup Ct, NY County 2024], citing Erlinger, 602 US at 842). Additionally, the majority made clear that its determination was narrow, and that it was concluding only that a jury may make the "different occasions" determination (Erlinger, 602 US at 835).
Parenthetically, it is clear that there is no vehicle under New York law for empaneling a jury for the purpose of deciding the tolling issue. As stated, the sentencing statute explicitly prohibits doing so. Thus, a court may not rely upon the "inherent authority" conferred by the Judiciary Law 2-b(3), which allows a court to "devise and make new process and forms of proceedings[] necessary to carry into effect the powers and jurisdiction possessed by it," to empanel a jury in order to make the tolling determination (see People v Wrotten, 14 NY3d 33, 37-39 [2009], cert denied 560 US 959 [2010]; People v Ricardo B., 73 NY2d 228, 233 [1989]).
Turning to the facts here, defendant was charged with robbery in the second and third degrees, based on allegations that on September 7, 2023, he took a pound cake from a bodega, left the store without paying for it, brandished what appeared to be a black gun at a store employee who followed him outside, and threatened to shoot the employee if he attempted to take back the cake. Defendant left the scene and was arrested on September 11, 2023.
[*4]
On August 1, 2024, the People filed a statement of predicate felony conviction, which alleged that defendant had previously been convicted of four felonies: robbery in the second degree on November 12, 1997; robbery in the first degree on September 18, 2002; robbery in the second degree on September 18, 2002; and promoting prison contraband in the first degree on February 6, 2009 — the conviction on which the People's application for predicate sentencing was based. The statement further alleged that the 10-year period during which a prior conviction must occur to qualify as a predicate felony (see Penal Law 70.06[1][b][v]) was extended by periods during which defendant was incarcerated—specifically, from June 27, 1991 to December 16, 1999; from January 11, 2000 to April 16, 2001; from October 22, 2002 to December 3, 2019; and from September 6, 2021 to September 27, 2021.
[*5]
On August 7, 2024, defendant entered a plea of guilty to robbery in the third degree in exchange for a promised term of incarceration of 2 to 4 years, the statutory minimum for a second felony offender. After being sworn, defendant stated, in response to the court's questions, that he was in fact guilty, that he was pleading guilty of his own free will, and had not been coerced. Defendant stated that he had a "full opportunity" to consult with counsel and was satisfied with counsel's representation. Defendant also stated that he was giving up his right to a jury trial and the associated trial rights, which the court enumerated, and that he was giving up his right "to contest any search or seizure" and to "further discovery." Defendant also stated that he understood the requirements that he meet and cooperate with the Department of Probation, that he return to court on all future court dates, and that he not be "arrested on reasonable cause" before sentencing for the robbery charge. Finally, defendant admitted to the factual allegations underlying the charge of robbery in the third degree.Defendant was then arraigned on the predicate felony statement. The court clerk read the predicate felony statement to defendant, which included a list of defendant's four prior felony convictions and a statement that "[t]he ten-year period referred to in Penal Law 70.06" was extended by four periods of incarceration set forth in the statement. Defendant admitted that he was the person named in the statement, declined to challenge "any charges made in this statement [or] the constitutionality of [his] prior convictions." Defendant was adjudicated a second felony offender. Defendant acknowledged that he was waiving any constitutional claim that because of the tolling involved in the predicate felony statement, he was entitled to a jury trial on the question of whether the 10-year period set forth in the statute was tolled under Erlinger. Defendant then withdrew his plea of not guilty and entered a plea of guilty to robbery in the third degree. On September 11, 2024, the court sentenced defendant, as a second felony offender, to a prison term of two to four years.FN1
[*6]
On appeal, defendant argues that the sentence imposed by the court was unlawful because (1) under Erlinger, the calculation of tolling periods that extend the 10-year lookback period prescribed by CPL 70.06(1)(b)(iv) and (v) requires a court to do more than find "the fact of a prior conviction" and, accordingly, that defendant was entitled to have "a jury, not a judge, . . . make that factual determination" (Erlinger, 602 US at 833); (2) CPL 400.15(7)(a) requires that "a hearing pursuant to this section must be before the court without jury"; and (3) empaneling a jury in these circumstances does not fall within a court's "inherent authority" under Judiciary Law 2-b(3) (authorizing a court "to devise and make new process and forms of proceedings[] necessary to carry into effect the powers and jurisdiction possessed by it"). Thus, defendant argues that under Erlinger, a court is prohibited from making tolling determinations without a jury while prohibited by New York law from having a jury make those determinations. According to defendant, "[t]he resulting constitutional conundrum, which leaves New York without a procedure for finding tolling, which can only be rectified by the Legislature as "only the Legislature is empowered to make the many policy choices necessary to fix the statute -- not individual judges with individual views about what is best." Defendant argues that his plea should be vacated and/or that he be resentenced to the minimum first-felony-offender sentence of 1 to 3 years.
The People argue that the predicate sentence of 2 to 4 years imposed on defendant was lawful (1) because his failure to contest any of the periods of incarceration set forth in the predicate felony statement rendered his claim unpreserved and, indeed, relieved the court of any obligation to determine whether preservation was required; (2) because he "waived any right he may have had to have a jury decide whether his prior periods of incarcerations satisfied tolling"; (3) because "the tolling provisions of New York law comport with the requirements of the Sixth Amendment"; and (4) "because Judiciary Law § 2-b permits lower courts to empanel Erlinger juries to determine tolling."
We find that while the court properly sentenced defendant as a second felony offender, it erroneously concluded that Erlinger applies to the tolling determination required to bring defendant's prior felony conviction within the 10-year lookback period.
[*7]
To begin, the People's argument that defendant failed to preserve his present argument has merit. As stated above, when defendant was read the predicate felony statement, which included a list of defendant's four prior felony convictions and a statement that "[t]he ten-year period referred to in Penal Law 70.06" was extended by four periods of incarceration set forth in the statement, defendant did not controvert the prior felony conviction, and admitted the periods of incarceration that constituted the tolling period. Given this, the argument can certainly be made that defendant's failure to contest his criminal history and relevant periods of incarceration, precludes his now raising an Erlinger challenge (see People v Hernandez, 43 NY3d 591, 597-598 [2025]). Moreover, as stated above, at the time of the plea, defendant stated that he was waiving any constitutional challenges to the tolling provision under Erlinger. Thus, the argument can also be made that defendant expressly waived the issue he now argues on appeal.
Even assuming defendant preserved the issue and also did not expressly waive it, we find that Erlinger does not apply to the tolling provision (see Penal Law § 70.06 [1] [b] [v]).
At its core, the ACCA substantially increases the sentencing exposure for certain firearms offenders. A person convicted of possessing a firearm after having sustained a felony conviction "in any court," (18 USC § 922[g][1]), faces a maximum sentence of 15 years of imprisonment (18 USC § 924[a][8]). Imprisonment is not required, however, as there is no mandatory minimum (id.). If the defendant is subject to the ACCA, which means that he has sustained three prior convictions "in any court" for a violent felony or a serious drug offense, or both, "committed on occasions different from one another," (18 USC § 924[e][1]), he faces a mandatory minimum sentence of 15 years imprisonment and a maximum of life. The determination necessarily requires evidence regarding the times, locations, purpose and character of those prior crimes (see Erlinger, 602 US at 835). In order to trigger the ACCA and therefore exposure to a longer term of incarceration, the prosecution would have to prove that the defendant sustained three prior convictions for "violent felon[ies]" or "serious drug offense[s]" which were "committed on occasions different from one another" (id. at 834).
[*8]
In contrast to Erlinger, New York's tolling provision requires a determination of whether the defendant was incarcerated and, if so, the dates of incarceration (see Penal Law §§ 70.06[1][b][iv],[v]; 70.08[1][b]). Thus, the tolling provision requires "rote arithmetic calculation to be made based on certified public records" (People v Moore, 246 AD3d 528, 540 [1st Dept 2026, Friedman, J., dissenting]). The determination is completely objective. There is no assessment of defendant's conduct or culpability. Rather, it is a determination of the amount of time a defendant was incarcerated between a previous conviction and the instant offense. There need only be a review of the official records of incarceration—i.e., when the defendant was admitted into the facility, when the defendant was released and any time in between.
In declining to reverse Almendarez-Torres and Apprendi, Erlinger specifically left to the sentencing court this narrow, ministerial task of calculating the tolling period. Accordingly, we conclude that the tolling provision under Penal Law § 70.06 (1) (b) (v) has not been rendered unconstitutional by Erlinger. We find that defendant's plea was voluntary, knowing, and intelligent and that defendant was properly sentenced as a second felony offender.
Accordingly, the judgment of the Supreme Court, New York County (Robert Mandelbaum, J., at plea; Marisol Martinez Alonso, J., at sentencing), rendered September 11, 2024, convicting defendant of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, should be affirmed.
Judgment, Supreme Court, New York County (Robert Mandelbaum, J., at plea; Marisol Martinez Alonso, J., at sentencing), rendered September 11, 2024, sentencing him, as a second felony offender, to a term of 2 to 4 years, affirmed.
Opinion by Webber, J.P. All concur.
Webber, J.P., Friedman, Mendez, Shulman, Hagler, JJ.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 7, 2026

Footnotes

Footnote 1
The court abided by its promise despite defendant having sustained a new arrest for petit larceny.