People v Odom

2026 NY Slip Op 02938

May 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Linnel Odom, Appellant.

Decided and Entered: May 12, 2026

Ind. No. 361/17|Appeal No. 6588|Case No. 2019-03752|

Before: Scarpulla, J.P., Mendez, Shulman, Rodriguez, Hagler, JJ.

Twyla Carter, The Legal Aid Society, New York (Steven J. Miraglia of counsel), for appellant.

Alvin L. Bragg, Jr., District Attorney, New York (Jacob C. Marcus of counsel), for respondent.

[*1]

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered May 15, 2019, convicting defendant, after a jury trial, of assault in the first degree, and criminal possession of a weapon in the third degree, and sentencing him, as a discretionary persistent felony offender, to concurrent terms of 18 years to life, unanimously affirmed.

Defendant was not entitled to an intoxication charge because "there was insufficient evidence to support an inference that [he] was so intoxicated as to be unable to form the requisite criminal intent" (People v Sirico, 17 NY3d 744, 746 [2011]). Indeed, while there was some evidence that defendant may have consumed alcohol on the night he repeatedly stabbed and nearly killed the victim, detailed and reliable evidence, including the testimony of a police officer and a detective who interacted with defendant directly and at length beginning shortly after the attack demonstrated that defendant was coherent, responsive, not significantly physically impaired, and fully capable of forming the requisite intent (see People v Rodriguez, 76 NY2d 918, 920-921 [1990]).

As defendant acknowledges, his argument that his right to a jury trial was violated by the trial court's determination, without a jury, that defendant was a discretionary persistent felony offender is foreclosed by binding and repeated Court of Appeals precedent (see People v Prindle, 29 NY3d 463, 464-465 [2017], cert denied 583 US 1019 [2017]; People v Quinones, 12 NY3d 116, 128-129 [2009], cert denied 558 US 821 [2009]; People v Rosen, 96 NY2d 329, 334-335 [2001], cert denied 534 US 899 [2001]). We decline to exercise our discretion to vacate the sentencing court's persistent felony offender determination.

We perceive no basis for reducing defendant's sentence.

THIS CONSTITUTES THE DECISION AND ORDER

OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 12, 2026